The People of the State of New York ex rel. Michael J. Sims, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. Alexander Neal, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. William H. Wills, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. John M. Harding, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. Felix Letts, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. Gustave Nathan, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

The People of the State of New York ex rel. Frederick E. Besserer, Respondent, *v.* William Miller Collier et al., Constituting the State Civil Service Commission, Appellants.

Civil Service — Quasi-Judicial Action of State Commission, Not Reviewable by Mandamus. The action of the state civil service commissioners in placing in the competitive class of the civil service certain employees of the sheriff and register of the county of Kings, made salaried officers under chapters 705 and 706 of the Laws of 1901, is *quasi*-judicial, involving the exercise of judgment, and mandamus will not

1903.]          People ex rel. Sims *v.* Collier.          **197**

N. Y. Rep.]                    Statement of case.

lie to compel the commission to place such position in the exempt class.

> People ex rel. *Sims* v. *Collier*, 79 App. Div. 636, reversed.
> People ex rel. *Neal* v. *Collier*, 79 App. Div. 636, reversed.
> People ex rel. *Wills* v. *Collier*, 79 App. Div. 636, reversed.
> People ex rel. *Harding* v. *Collier*, 79 App. Div. 636, reversed.
> People ex rel. *Letts* v. *Collier*, 78 App. Div. 620, reversed.
> People ex rel. *Nathan* v. *Collier*, 78 App. Div. 620, reversed.
> People ex rel. *Besserer* v. *Collier*, 78 App. Div. 620 reversed.

(Argued April 27, 1903; decided May 22, 1903.)

APPEALS from orders of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1903, which affirmed orders of Special Term granting peremptory writs of mandamus requiring the defendants, constituting the state civil service commission, to place the positions held by each of the relators herein in the exempt class.

The facts, so far as material, are stated in the opinion.

*John Cunneen, Attorney-General* (*Ansley Wilcox* and *Sanford T. Church*, of counsel), for appellants. Mandamus is not the proper remedy for the relief sought. (*Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel.* v. *Comrs.*, 149 N. Y. 26; *People ex rel.* v. *Roberts*, 163 N. Y. 70; *People ex rel.* v. *Barnes*, 114 N. Y. 317; *People ex rel.* v. *Common Council of Troy*, 78 N. Y. 33; *People ex rel.* v. *Chapin*, 103 N. Y. 635; *People ex rel.* v. *Chapin*, 104 N. Y. 96; *People ex rel.* v. *Fairchild*, 67 N. Y. 334; *People ex rel.* v. *Morton*, 156 N. Y. 136.)

*Hugo Hirsch* and *Emanuel Newman* for respondents. The proceeding herein taken was the proper one. (*Chittenden* v. *Wurster*, 152 N. Y. 362; *People ex rel.* v. *Keller*, 158 N. Y. 197; *Rowley* v. *City of Rochester*, 34 Misc. Rep. 291; *Blust* v. *Collier*, 62 App. Div. 478; *People ex rel.* v. *Burt*, 65 App. Div. 157.)

*Joseph A. Burr* and *Franklin M. Danaher* intervening.

WERNER, J.  The relators in these seven proceedings are appointees in the offices of the sheriff and register, respectively, of the county of Kings.  The positions which they respectively hold and their respective duties therein are, briefly stated, as follows : Michael J. Sims is a keeper of the jail, being one of the persons having charge of the prisoners confined therein, and is also a deputy sheriff appointed under section 182 of the County Law.  Alexander J. Neal is an assistant deputy sheriff who receives papers to be executed by the sheriff and acts for him in performing such duties ; he is also a deputy sheriff appointed under the County Law and acts sometimes as a keeper of the jail.  William H. Wills is the driver of a prison van ; he has charge of prisoners while they are in transit between the jail and the several courts where they are to be tried, and between the several courts and the institutions to which they are sentenced ; he is also a deputy sheriff under the County Law.  John M. Harding is an accountant in the office of the sheriff, having charge of the accounts of the office and sometimes acts as chief clerk in receiving process ; he is also a deputy sheriff under the County Law.

Felix Letts is a mailing clerk in the office of the register, having charge of the official seal and of legal documents before they are recorded ; he affixes the seal to instruments after they have been compared and hands them over to the register for signature ; he also has charge of postage stamps and of the mailing of documents to persons to whom they are to be returned.  Gustave Nathan is a messenger in the register's office ; he deposits money in bank, collects outstanding accounts and produces documents in court in response to subpœnas *duces tecum.*  Frederick E. Besserer is a comparer in the register's office ; he compares the records with the original instruments left for recording, and the register, relying upon his certificate as to their correctness, affixes his official signature to the certificate of record attached to such instruments.

Prior to January 1st, 1902, these relators had been appointed to their respective positions and at that time chapters 705 and

1903.]     People ex rel. Sims v. Collier.     199

N. Y. Rep.]     Opinion of the Court, per Werner, J.

706 of the Laws of 1901, making the offices of sheriff and register of the county of Kings salaried offices, had gone into effect. Previous to the enactment of these statutes these two officers had received their compensation in the form of fees collectible in their respective offices and out of which they paid their employees, who were at that time not subject to civil service examinations.

In the months of January and February, 1902, the defendants, the state civil service commission, passed resolutions, the effect of which was to place the positions held by the relators in the competitive class of the civil service of the state. Thereafter these proceedings were commenced by the relators to have their positions placed in the exempt class of the civil service. The moving papers allege that the civil service commission had notified both the sheriff and register that the appointment of the relators without a civil service examination was illegal and that those officials would be responsible for the relators' salaries. It is further alleged " That this action will coerce " said officials " to remove " relators " unless the action of said Civil Service Commission as aforesaid may be speedily set aside."

The Special Term granted writs of peremptory mandamus directing the state civil service commission to forthwith strike from the competitive class the respective positions held by the relators and to place such positions in the exempt class. The orders granting the writs were affirmed by the Appellate Division, and from the orders of affirmance appeals have been taken to this court.

Several interesting and important questions are presented by these appeals, but the only one we shall now discuss is whether the relators have invoked the proper remedy.

Article 5, section 9, of the Constitution provides that " appointments and promotions in the civil service of the state, and of all the civil divisions thereof  *  *  *  shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive," and that " laws shall be made to

provide for the enforcement of this Section." Under this constitutional mandate the Civil Service Law (Chap. 370, L. 1899) was enacted, and by its provisions it is the duty of the civil service commission to "make rules for the classification of the offices, places and employments in the classified service of the State, and thereafter, from time to time, rules for the classification of the offices, places and employments in such other civil divisions thereof, except cities, as after due inquiry by the commission shall be found practicable, and for appointments and promotions therein and examinations therefor, not inconsistent with the constitution and the provisions of this act, and shall amend the same from time to time." (Sec. 9.) The positions here in question are in the classified service.

The act further provides : " The offices and positions in the classified service of the State or of any city or civil division thereof for which civil service rules shall be established pursuant to this act, shall be arranged in four classes to be designated as the exempt class, the competitive class, the non-competitive class and, in cities, the labor class." (Sec. 11.) Section 12 designates certain positions which shall be in the exempt class.

Section 13 provides : " The competitive class shall include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination, and shall include all positions now existing, or hereafter created, of whatever functions, designations or compensation, in each and every branch of the classified service, except such positions as are in the exempt class, the non-competitive class or the labor class."

It will be observed that under the Civil Service Law as it now stands it is the positive duty of the state civil service commission to divide the classified civil service of the state and its civil divisions, except cities, into four classes. It is also to be noted that, subject to the general provisions of the Constitution and the Civil Service Law, the civil service commissioners are to determine into which particular classes the positions in the classified service shall be placed.

1903.]     People ex rel. Sims *v.* Collier.     **201**

N. Y. Rep.]     Opinion of the Court, per Werner, J.

In pursuance of the authority thus conferred upon them the civil service commissioners have determined that an examination is practicable to test the merit and fitness of applicants for the positions held by the relators and they have placed such positions in the competitive class. The courts below have decided that these positions belong in the exempt class and have issued writs of mandamus peremptorily directing the defendants to place them in that class. Thus we have the question squarely presented whether mandamus is the proper remedy.

In determining this question we must be guided by the general rules applicable to proceedings in mandamus, for the Civil Service Law of 1899 makes provision for the issuance of this writ in only two cases. The first arises under section 19 where an " officer, clerk or other person entitled to be certified by said commission  *  *  *  to the comptroller, treasurer or other fiscal or disbursing officer of the state or any city or civil division thereof, as having been appointed or employed in pursuance of law and of the rules made in pursuance of law, and refused such certificate." In such a case mandamus may issue " to compel such commission  *  *  * to issue such certificate." The second arises under section 21 by virtue of which honorably discharged soldiers, sailors, marines and firemen may invoke the writ in cases of unlawful removal from their positions. These are the only cases in which the statute (Ch. 370, L. 1899) provides in express terms for the issuance of writs of mandamus.

The general rule governing proceedings in mandamus is well stated in *People ex rel. Harris* v. *Commissioners* (149 N. Y. 26). There the relator applied to the commissioners of the land office for restitution of a sum of money which had been expended in the purchase of land from the state, the title to which it was claimed had failed. The Revised Statutes defining the " general powers and duties of the Commissioners of the Land Office " provided: " Whenever the title of the people of this State, to lands granted under its statutory authority shall fail, and a legal claim for compensation, on account of such failure, shall be preferred by any

person entitled thereto, it shall be the duty of the commissioners to direct the payment of the original purchase-moneys, which have been paid to the State by such person, with interest at the rate of six per cent" (1 R. S. 198, sec. 6.) The relator in that proceeding sought by mandamus to compel the commissioners to refund the purchase money. Upon appeal to this court it was held that mandamus was not the proper remedy. Judge Vann, writing for the court, said: " The primary object of the writ of mandamus is to compel action. It neither creates, nor confers power to act, but only commands the exercise of powers already existing, when it is the duty of the person or body proceeded against to act without its agency. While it may require the performance of a purely ministerial duty in a particular manner, its command is never given to compel the discharge of a duty involving the exercise of judgment or discretion, in any specified way, for that would substitute the judgment or discretion of the court issuing the writ for that of the person or persons against whom the writ was issued. In such cases the sole function is to set in motion without directing the manner of performance. * * * It is a universal rule that in the discharge of all duties involving the exercise of official judgment or discretion the officer or tribunal must be left free to act, and cannot be controlled in a particular direction. When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act and with no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact or the exercise of judgment whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance." To the same effect are *People ex rel. Francis* v. *Common Council of Troy* (78 N. Y. 33); *People ex rel. Myers* v. *Barnes* (114 id. 317); *People ex rel. Grannis* v. *Roberts* (163 id. 70).

1903.]    People ex rel. Sims *v.* Collier.    **203**

N. Y. Rep.]    Opinion of the Court, per Werner, J.

The duty which the civil service commissioners were called
upon to perform in determining into which class of the civil
service the positions occupied by the relators herein belonged
was *quasi*-judicial in its character and involved the exercise of
judgment.   The statute simply directed them to classify.   It
did not attempt to specify the class into which the positions
held by the relators should be placed.   The duty was imposed
upon the commissioners.   If they failed to perform it at all,
the courts could undoubtedly have issued writs of mandamus
to compel its performance.   But the writs in the proceedings
at bar were not issued for that purpose.   The commissioners
had acted.   They had placed in the competitive class the
positions held by the relators.   The writs issued herein direct
the commissioners forthwith to strike these positions from the
competitive class and place them in the exempt class.   They
not only command action, but they explicitly direct what
form it shall take.   This is in direct contravention of the
rule above adverted to, that a writ of mandamus can only
prescribe the manner in which a public officer shall perform
a duty, when such duty is ministerial and the command to act
necessarily involves directions as to the form of procedure.

It is argued, however, by the learned counsel for the
respondents that this court is committed to the doctrine that
the decisions of civil service commissioners in making classifi-
cations may be reviewed in mandamus proceedings, and the
case of *Chittenden* v. *Wurster* (152 N. Y. 345) is cited in
support of that contention.   No such rule was adopted or
approved in that case.   That was a taxpayer's action to
restrain the payment of salaries to employees in the civil
service, whose appointment to their respective positions was
alleged to have been made in violation of law.   The question
there argued was whether a taxpayer's action would lie under
the statute as it then stood, and this court decided that such
an action could not then be maintained.   In the closing sen-
tences of the prevailing opinion Judge Haight remarked that
" the people are not, however, without a remedy.   There is
one which is very simple and effective ; if the mayor refuses

to do his duty or if he does it improperly, he may be compelled by direct proceeding, as by mandamus, or perhaps in some cases certiorari, instituted by any resident citizen to do it in accordance with the requirements of the Constitution and of the statute." This was, in effect, a restatement of the rule laid down in *Baird* v. *Bd. of Supervisors* (138 N. Y. 95, 115), and was entirely accurate as applied to the facts of the *Chittenden* case. There the mayor had not acted at all, and as mandamus is a writ to compel action it would, doubtless, have been a proper remedy. But the opinion in that case will be scanned in vain for any assertion or intimation that mandamus can be invoked to review a judicial or *quasi*-judicial decision. That such decisions are reviewable by the courts must be regarded as settled, for the question whether competitive examinations for appointment to particular places are practicable or not, has been held to be a question of law, to be decided in the light of the facts and the evidence bearing upon the subject. We confidently venture the assertion, however, that no case will be found in which this court has held that such review can be had in mandamus proceedings unless that particular method of review has been prescribed by the express terms of some statute, in which event the courts do not concern themselves with the inappropriateness of the remedy but apply it as best they can.

In conclusion we simply add that the disposition of the cases at bar upon a question of practice is not to be taken as an intimation that we regard the positions held by the relators as subject to the Civil Service Law, or the rules made pursuant thereto, for even if it should be held that all these positions belong in the exempt class of the classified civil service, still mandamus would not be the proper remedy.

The orders of the Appellate Division in these proceedings must, therefore, be reversed, without costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and CULLEN, JJ., concur.

Orders reversed, etc.