(100 App. Div. 155)

DILL v. WHEELER et al., Civil Service Commission.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—POSITION—CLASSIFICATION
   —MANDAMUS—PARTIES.
       Where a reclassification of the position of battalion chief in the fire
   department of a city, as demanded by relator, could not be made effective
   without action of the mayor of the city and the state civil service com-
   mission, such relief could not be granted in a mandamus proceeding to
   which neither the mayor nor such Commission were parties.

2. SAME—QUASI JUDICIAL ACTS.
       Where the classification of the position of battalion chief of the fire
   department of a city involved a quasi judicial determination by the
   civil service commissions, mandamus would not lie to compel a reclassi-
   fication, which would involve a similar determination.

Appeal from Special Term, Erie County.

Application by Isaac S. Dill for a writ of mandamus against Charles
B. Wheeler and others, constituting the municipal civil service commis-
sion of the city of Buffalo. From an order denying the application, he
appeals. Affirmed.

Appellant desired a writ compelling the defendants to certify to the
comptroller of the city of Buffalo his appointment as a battalion chief in
the fire department in said city, so that he might draw a salary for said
position, and also compelling said commission to reclassify said position
of battalion chief by transferring it from the competitive to the exempt
class in the civil service.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Edward R. O'Malley, for appellant.
Charles B. Wheeler and Charles L. Feldman, for respondents.

HISCOCK, J. This appeal involves some questions somewhat re-
lated to those discussed in the case of People ex rel. Schau v. Whittet
et al. (decided at this term) 91 N. Y. Supp. 675. It, however, involves
other questions, the proper decision of which leads to an affirmance of
the order appealed from.

July 11, 1904, the appellant was appointed a battalion chief in the
fire department of the city of Buffalo. At that time the position had
been placed in the competitive class. Appellant did not comply with the
rules governing an appointment to such position, and therefore the
municipal civil service commission refuses to certify his name as re-
quired by law. He, upon the other hand, claims that such classification
was illegal and unauthorized, and that by this proceeding he may com-
pel a reclassification in what he claims to be the proper class. There are
various, and, as we think, very manifest, reasons why he should not
succeed in his application for a writ of mandamus to compel the relief
to which he conceives himself to be entitled.

1. Such a reclassification as he desires could not be made effective
without action of the mayor of the city and the state civil service com-
mission, neither of whom are parties to this proceeding.

2. The action of the civil service commissions in placing the position in question in the competitive class involved consideration, deliberation, and a quasi judicial determination. A reclassification would involve similar elements. It is well settled that action by a body or person involving those features may not be compelled by a writ of mandamus, which, generally speaking, is directed simply to the enforcement and compelling of ministerial acts. People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309.

3. We have held in the case of People ex rel. Schau v. Whittet, supra, that, while it was improper to place this position in the competitive class, it might be properly placed in the noncompetitive class, and the appointment made subject to a qualifying examination. Even if the appellant should be given the benefit of this decision nunc pro tunc, his appointment would be invalid and irregular, and he would not be entitled to the relief sought.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.