(54 Misc. Rep. 18)

### PEOPLE ex rel. SHUTER v. BUTLER.

(Supreme Court, Special Term, Kings County. April 2, 1907.)

1. MANDAMUS—PROCEEDINGS—LACHES.

　　An application in 1907 for mandamus to compel the tenement house commissioner to restore a typewriting copyist discharged December 5, 1905, is not barred by laches, where the delay was caused by conflicting decisions of the Court of Appeals, resulting in a mistaken application for a writ of certiorari to review the removal.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 285.

2. MUNICIPAL CORPORATIONS—EMPLOYÉS—REMOVAL—NOTICE.

　　Under Greater New York Charter, § 1543, Laws 1901, p. 636, requiring heads of departments before removing clerks to allow an opportunity to make an explanation, a notice by the tenement house commissioner to a typewriting copyist on December 2d that charges of incompetency and neglect of duty had been preferred against her, and that she would be allowed an opportunity of making an explanation at 12 o'clock noon on the 4th day of December, was sufficient.

Application by the people, on the relation of Lillian P. Shuter, for mandamus to Edmaon J. Butler, tenement house commissioner. Writ denied.

William E. Weaver, for relator.
William B. Ellison, for respondent.

CRANE, J. On December 2, 1905, a few minutes before 12, noon, the above-named tenement house commissioner caused to be served upon the relator, a typewriting copyist in the tenement house department, notice that charges of incompetency, neglect of duty, etc., had been preferred against her, and that she would be allowed an opportunity of making an explanation in answer thereto before him at 12 o'clock noon on the 4th day of December, 1905. On December 5, 1905, he

removed her. Having applied for a writ of certiorari in May of 1906, relying as counsel states on the case of People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309, the same was withdrawn upon the decision of the case of People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785, overruling the Sims Case, and application has now been made to this court for a peremptory writ of mandamus requiring the tenement house commissioner to restore the relator. Of course if this were the first application to be made, laches would be a good answer to the request for the writ. In view, however, of the conflicting decisions of the higher court, delay should not prevent considering the merits of this application, when the delay was due to a mistake in remedy.

But the merits do not entitle the relator in my opinion to reinstatement. The only objection made to the procedure resulting in her removal is that sufficient time was not afforded her in which to explain the charges, that notice on the 2d of December at 12 o'clock, to appear at 12 o'clock on the 4th, was an unreasonable time.

The only limitation upon removal of clerks by heads of departments contained in section 1543 of the Greater New York Charter (Laws 1901, p. 636) is that they must be allowed an opportunity of making an explanation. What time affords an opportunity must necessarily depend upon the circumstances and the charge. It must be remembered that no trial is had before the head of the department, and no particular formalities are required to meet, answer, or explain the alleged grounds of removal. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701. Charges must be so intricate and numerous that two days would be insufficient time to prepare to explain them, but ordinarily, as in this case, 48 hours would be amply sufficient. It does not appear from the papers herein that the relator attended at the time and place designated, and so I presume she did not. If, by the 4th at noontime, she was unready or unprepared to face the accusations, why did she not appear and say so? She must have known then, as well as now, why she was absent so long a time from duty, so that to this branch of the charge she could at least have said something. Instead of asking for more or additional time, she waits till May to take legal proceedings, which suggest to my mind that her claim, that she was not allowed to explain within the meaning of the charter because of such short notice, was an afterthought, and the only possible point on which to attack the commissioner's proceedings.

Writ denied.