In the Matter of the Application of ARTHUR S. COWEN and Others, Petitioners, for an Order against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, June 1, 1939.

*Charles Gordon,* for the petitioners.

*John J. Bennett, Jr.,* Attorney-General [*Bernard L. Alderman* of counsel], for the respondents.

*Herman E. Cooper,* for National Lawyers Guild, New York Chapter, *amicus curiæ.*

*Edward Rager,* for New York City Bar Association, *amicus curiæ.*

Schenck, J. This proceeding under article 78 of the Civil Practice Act seeks relief in connection with a civil service examination for unemployment insurance referee, which was scheduled to be held on March 25, 1939. Petitioners are lawyers and claim to have been excluded from participation in the examination by reason of their failure to meet certain preliminary requirements prescribed by respondents, constituting the Civil Service Commission of the State. It is the contention of petitioners that the requirements are arbitrary, unreasonable and capricious for several reasons, the most important of which is that they discriminate against practicing lawyers by excluding them from opportunity to compete in the examination. It is also claimed that the requirements have been drafted for the purpose of favoring a group of individuals now holding temporary positions. The relief sought by petitioners is:

1. To enjoin the holding of the examination pending determination of this proceeding, or if that could not be accomplished, to restrain announcement of the results of the examination and utilization of any resulting list.

2. To compel revision of the prescribed requirements so as to permit participation in the examination by attorneys in active practice for a period of five years.

3. To require substitution of objective standards for rating applicants on a competitive basis in place of the announced sixty per cent credit for " training, experience and general qualifications."

This proceeding came on to be heard on March 24, 1939. The civil service examination herein referred to was scheduled to be held the following day, March twenty-fifth, and necessary notices had been sent out by the Commission. In the circumstances this court allowed the examination to be held, but did grant an order staying the Commission from certifying the list to the appointing officer pending the determination of this proceeding.

The law is well settled that the courts of this State will not substitute their judgment for the agency constituted to make the determination unless such determination is capricious, arbitrary, unreasonable or illegal. The Civil Service Commission is not immune from attack in the courts if it transgresses the bounds of legality, propriety and reasonableness. The courts will not intervene where there is fair and reasonable ground for difference of opinion, but if the discretion of the administrative body is illegally, unfairly and unreasonably exercised, then a person aggrieved may seek redress from the courts.

It would appear that the duties of a referee involve the determination of disputed claims under the Unemployment Insurance Law. The referee hears testimony, issues subpœnas and super-

vises the taking of depositions. The requirements prescribed by the Commission to qualify for the performance of these duties are somewhat confusing. The learned counsel for petitioners has set forth in his brief an analysis of these requirements, which is concise, and for convenience the same is set forth in this memorandum. It will be noted that three groups of applicants are listed.

a. Applicants who are high school graduates and who have six years full-time, paid employment (at least two years in a supervisory or administrative capacity) in one of the following:

1. Positions in the placement or personnel office of a business or labor organization or an employment agency.

2. Positions involving management or direction of a large staff of personnel.

3. Positions in the workmen's compensation bureau.

4. Positions in a public or private agency dealing with compliance with labor laws or labor agreements.

5. Positions involving settling insurance claims.

b. Applicants who are college graduates and have four years of the experience listed in a (at least one year in a supervisory or administrative capacity).

c. Applicants who are lawyers in active practice for five years, plus the following specialized experience:

1. One year full-time paid employment in one of the positions described in a, which must have been in an administrative or supervisory capacity, or

2. Two years satisfactory full-time experience in a public agency or civic organization in drafting legislation, or in formulating rules of procedure affecting contested claims, or

3. Two years full-time paid employment in the active conduct of labor or workmen's compensation cases, or

4. Two years experience with a government agency as arbitrator or referee.

Obviously, very few practicing lawyers could qualify for the position of referee. Lawyers with extensive experience in compensation matters are not qualified; official referees with long experience on the Supreme Court bench could not qualify; in fact, the presiding justice and the associate justices of the Appellate Division of this department, with extensive experience in compensation matters, are precluded from taking an examination for the position of referee. On the other hand, a lawyer having full-time paid employment for an insurance company in prosecuting or defending claims, seemingly possesses the necessary qualifications. Certainly, there would appear to be no reasonable relationship between the work of a full-time paid attorney defending negligence cases for an insurance company with that of the general

duties required of a referee under the Unemployment Insurance Law. The requirements promulgated by the Commission certainly discriminate against practicing lawyers. By training and experience, a practicing lawyer should be pre-eminently qualified for the prescribed duties. The work of a practicing lawyer constantly involves disputed questions of fact and he is trained to apply such factual questions to the legal problem involved. Under the requirements of the Commission, the lawyer with training and experience in active practice is denied an opportunity to take the civil service examination, although it is that training and experience that qualifies him for a judicial career. I am not unmindful of the fact that persons without legal training may be well qualified to fill this position, but the opportunity to qualify for the civil service examination should not be arbitrarily taken from a experienced lawyer who seeks an opportunity to compete. The special aptitude of lawyers for government service has long been recognized, but here we find discriminatory qualifications which exclude them from the opportunity to enter an important State service. One of the requirements of the State Constitution is that civil service examinations should be competitive. Is that requirement met where participation in such examination is restricted to one group of persons to the exclusion of applicants quite as well qualified?

This court is justified in determining that substantial justice requires a revision of the requirements in order that attorneys of five years' experience may compete. There may be no unwarranted preference extended to any person or group of persons. (*Barlow* v. *Berry*, 245 N. Y. 500.)

The courts of this State recognize that the determination of the fitness and qualification of candidates for civil service positions rests with the Civil Service Commission but " palpably unjust and discriminatory standards of determining the fitness of candidates may not be tolerated." (*Matter of Sheridan* v. *Kern*, 255 App. Div. 57.)

In the prayer for relief, petitioners ask for a substitution of objective standards for rating applications on a competitive basis in place of the announced sixty per cent credit for " training, experience and general qualifications." The announcement of the examination states that a relative weight of six out of ten will be given for " training, experience and general qualifications." It does not state what standard will be used in making this rating or the weight which will be given to each. There is no information as to the meaning of " general qualifications." In my judgment, such rating takes the examination completely out of the competitive class.

In *Matter of Fink* v. *Finegan* (270 N. Y. 356) Judge FINCH, writing for the court, has this to say (at p. 361): " A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive." At page 362: " An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." Again, at page 363: " Non-competitive examinations may readily be manipulated by the unscrupulous with little likelihood of detection. Politics, passion and friendship may play their part. Even the most scrupulous examiner may be influenced in his determination by unconscious prejudice and bias."

The action of the respondents, constituting the Civil Service Commission, in this proceeding is not an exercise of discretion in accordance with the provisions of the Constitution and the Civil Service Law. The result of the examination held March 25, 1939, should be set aside and the relief otherwise prayed for by the petitioners should be granted.

Submit order in accordance with this memorandum.