In the Matter of the Application of ARTHUR S. COWEN, DAVID FINCK, LEON KELLMAN and FRED A. LEWIS, Respondents, for an Order Pursuant to Article 78 of the Civil Practice Act, against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Appellants.

The petitioners claim that the announced requirements for the examination are arbitrary, unreasonable, illegal and unfair for a number of reasons, the most important of which is to discriminate against practicing lawyers by virtually excluding them from an opportunity to compete in the examination. It is also claimed by the petitioners that the requirements have been provided to suit the interests of a favored group of individuals for whom it is sought to preserve the positions which are involved. An objection is also made to the specification in the announcement of the examination that sixty per cent credit would be given for " training, experience and general qualifications," on the ground that this prescribed objective was an essential non-competitive standard for rating applicants.

The order appealed from granted the application of the petitioners:

1. It directed cancellation of the examination in question and forbade promulgation, publication or certification of any lists resulting from said examination.

2. It ordered revision of the announced requirements so as to permit filing applications and participation in the said examination by attorneys in active practice for five years.

3. It required respondents to strike from the notice of examination the provision for sixty per cent credit for " training, experience and general qualifications," with permission to substitute therefor objective standards for rating applicants on a competitive basis.

4. It directed the holding of a new examination for the positions in question as expeditiously as possible. (See *Barlow* v. *Berry*, 245 N. Y. 500; *Matter of Sheridan* v. *Kern*, 255 App. Div. 57; *Matter of Fink* v. *Finegan*, 270 N. Y. 356; *Matter of Sloat* v. *Board of Examiners*, 274 id. 367.)

Determination confirmed, with fifty dollars costs and disbursements.

Crapser, Heffernan and Foster, JJ., concur.

BLISS, J. I concur for affirmance in so far as the Special Term directed cancellation of the examination and a revision of the requirements so as to eliminate any distinction between attorneys who are graduates of a recognized law school and those who are not. The requirement which combined graduation from a recognized law school with admission to the Bar has no basis in reason. Our Court of Appeals is entrusted with setting up the standards for admission to the Bar and such admission should be the only test in this regard.

Hill, P. J., dissents, in an opinion.

HILL, P. J. (dissenting). Appeal by the Civil Service Commission of the State of New York from an order made by the Supreme Court, Albany Special Term. There are four petitioners in this proceeding started under article 78 of the Civil Practice Act, who apparently desire to be examined and appointed as referees under the Unemployment Insurance Law of the State. There are various allegations as to misfeasance and nonfeasance of the Commission in connection with delay in holding an examination and in certifying persons for provisional appointments, and particularly in the establishment of rules concerning those who may qualify to take the examination for the position mentioned. Three of the petitioners, Cowen, Finck and Kellman, plead that their applications to participate in the examination for the position have been rejected and that they are each attorneys having practiced respectively nine, nineteen and seven years, with experience in workmen's compensation cases. The other petitioner, Lewis, pleads that he "desired and still desires to compete in the said examination, but was deterred from filing an application therefor by the arbitrary, capricious and unreasonable motive of the announced qualifications." As it is alleged that each of the petitioners is a citizen and resident of the State of New York and over twenty-one years of age, they are parties in interest who may maintain this proceeding. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281.) The petition further alleges that many other qualified persons were denied the privilege of participating in the examination and "that the attempt of the respondents to give a rating of 60% for 'training, experience and other qualifications' is entirely unjustified, improper and unlawful," stating the reasons for such allegation. The prayer of the petition is that the Commission be restrained from holding an examination for which an advertisement had been given and if the examination had been held before the stay became operative, that it be restrained from announcing the results thereof or from utilizing a list made up from the participants and that the court make an order requiring the Commission to revise the prescribed qualifications for examination, which would permit all attorneys who had engaged in the practice for five years to compete; to eliminate the provision allowing sixty per cent credit for training, and requiring that the applications of the petitioners be accepted and that the examination be adjourned "in order to enable duly qualified attorneys to file for said examination."

The order granted the prayer of the petition in all respects, declared an examination which had been held on March 25, 1939, null and void, restrained the Commission from promulgating, publishing or certifying any list resulting from the examination or from utilizing in any way the list made up therefrom; and directing the Commission to make rules which would permit all attorneys admitted to practice in the courts of the State of New York who had practiced law for at least five years to be admitted to the examination and required the elimination of the sixty per cent training provision. The Commission was required to hold a new examination " and to accept applications therefor in accordance with the provisions of this order, from the petitioners and all other attorneys of five years' experience who file said applications, as well as the applications of those who qualify under the prescribed requirements." I look in vain for a precedent permitting so broad an assumption by the court of legislative and executive prerogatives. In *Matter of Andresen* v. *Rice* (*supra*, pp. 281, 282) the majority of the Court of Appeals enunciated the constitutional standard for examinations. " The competitive examination may be held by him [the Superintendent of State Police] or his staff, which shall be open to all meeting the required standards. As the result of these examinations, lists may be prepared from which appointments may be made. It is not necessary that all of the examination be in writing. As stated in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367) there may be other examinations besides the written part, provided the results of the examinations are so stated that the applicant may be able to check up the conclusions by some objective comparison. (*Matter of Fink* v. *Finegan*, 270 N. Y. 356; 275 N. Y. 591.) In other words, the competitive, oral and physical examinations must be according to standards making the competition fair to all." The latter portion of this quotation, which might be classified as a counsel of perfection, is not a precedent, if indeed it was a pronouncement necessary to the decision in the *Andresen* case, which justifies the provision in the order appealed from, that all attorneys of five years' practice be admitted to the examination. Overlooking for a moment the assumption of legislative and executive functions by the judiciary, why is the favored class limited to lawyers? Why should it not include law clerks and scriveners of experience, insurance agents who have had to do with workmen's compensation and comparable types of insurance, labor union officials, and employers with experience along the same line?

" Appointments and promotions in the Civil Service of the State, * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive * * *. Laws shall be made to provide for the enforcement of this section." (N. Y. State Const. art. 5, § 6.)

" The Commission shall from time to time make rules for the classification of the offices, places and employments in the classified service of the State, * * * as after due inquiry by the Commission shall be found practicable, and for appointments and promotions therein, and examinations therefor not inconsistent with the Constitution and provisions of this chapter, and shall amend the same from time to time. * * * Subject to the provisions of this chapter and of the rules established thereunder, the Commission shall make regulations for and have control of examinations for the service of the State. * * *." (Civil Service Law, § 10.)

The power granted the courts " to review a determination " under article 78 of the Civil Practice Act is identical with that formerly possessed in connection with certiorari proceedings. (Civ. Prac. Act, § 1284, subd. 2.)

Under the power granted by the quoted portion of the Constitution and the statute passed thereunder, the Civil Service Commission acts in a legislative or executive capacity in making rules concerning requirements necessary for participation in examinations. Courts under the guise of a review may not assume legislative or executive functions. " The action of an administrative or executive officer or board may involve the exercise of judgment and their action is quite often termed judicial * * *. The word was here employed in an entirely different sense from that which is meant when we speak of judges as judicial officers, and the fact that public officers or agents exercise judgment and discretion in the performance of their duties does not make their action judicial in character so as to subject it to review by certiorari." (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 95, 96.)

" The determination of the Civil Service Commission was neither judicial nor quasi-judicial in its character and the Commission was not bound by the rule that functions of inferior judicial tribunals or of quasi-judicial officers terminate with the entry of judgment and may not afterwards be altered or varied in any respect by the tribunal itself. For a short period of time it was held that the Civil Service Commission acted quasi-judicially (*People ex rel. Sims* v. *Collier*, 175 N. Y. 196), but this court candidly retracted the views expressed in the *Sims* case in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), where it was held that the ordinary determinations of the Commission, although involving the exercise of judgment, are neither judicial nor quasi-judicial, for the reason that they are not based on a trial or judicial hearing before the Commission which may be reviewed by certiorari." (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252, 257.)

In *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343) the rule stated in *People ex rel. Schau* v. *McWilliams* (*supra*) was held to control the subject of judicial review of determinations made by the Civil Service Commission.

*Matter of Andresen* v. *Rice* (*supra*), citing *People ex rel. Schau* v. *McWilliams* (*supra*), required appointments of State Police to be made after examinations held in accordance with constitutional and statutory provisions. The Superintendent's practice had been to make appointments without examination. Thus he had omitted to perform his clear legal duty. Before article 78 of the Civil Practice Act was enacted, the remedy would have been by an order of mandamus. The courts have always had this power under the common law and statute. The opinion in the *Andresen* case advised that the examinations be " fair to all," but it did not assume the Superintendent's prerogatives to determine qualifications. It is not an authority that supports the order appealed from.

Petitioners did not have constitutional or inherent rights to be appointed to these positions. " The relator did not have any constitutional or inherent right to be appointed to one of these places. The appellants representing the public did have the right to require that before appointment his fitness should be measured and established by any test honestly and reasonably appropriate to that end and such an one it may be fairly claimed was the age limitation. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570, 577.)

Article 78 of the Civil Practice Act furnishes a remedy to review decisions which finally determine the rights of the parties with respect to the matter. (Civ. Prac. Act, § 1285, subd. 3.) . We have four petitioners — one desired to take the examination but filed no application, the applications of the other three were rejected. Each is entitled to relief if his constitutional or statutory rights have been invaded, but he may not appear vicariously and obtain judicial relief for all lawyers within the State of New York who have practiced for five years, or destroy rights of persons, not parties hereto, who have earned a place on the eligible list after examination.

The Legislature delegated a part of its power to the Civil Service Commission. The constitutionality of that legislative act has been approved too frequently to require citation. Unless the rules adopted by the Civil Service Commission invade the constitutional rights of one of the petitioners, no case for relief is stated. If there is mischief and wrong, the remedy is for the Legislature to cut down the powers of this administrative board.

The order should be reversed on the law and facts, and the petition dismissed.