In the Matter of ENNIS TWOMEY, Petitioner, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, May 18, 1949.

*Samuel Resnicoff* for petitioner.

*John P. McGrath, Corporation Counsel ( Michael J. Kilcommons* of counsel), for respondents.

HAMMER, J. Petitioner has instituted this article 78 of the Civil Practice Act proceeding to compel the municipal civil service commission to certify him for permanent appointment to the position of carpenter.

In September, 1947, the civil service commission announced an open competitive examination for the position of carpenter. The notice of examination provided that applications would be issued and received from September 11, 1947, to September 20, 1947. The notice of examination provided as follows: " Age Requirements: Open only to persons who shall not have passed their 45th birthday on the first date for the filing of applications. This position requires extraordinary physical effort."

The notice provided for certain exceptions to the age requirement in favor of veterans of World War II, under Local Law 51 of the City of New York for the year 1945, and chapter 590 of the Laws of 1946, and for disabled war veterans under chapter 521 of the Laws of 1946.

Petitioner does not claim he is within either of the above exceptions. He was not a veteran and was over the prescribed age limit when he filed his application on September 11, 1947, as, being born June 13, 1902, he was of the age of forty-five years and about three months.

Petitioner's position is that, regardless of the age qualification, as his application and fee were accepted, and he was permitted to compete in written examinations and to take the practical, physical and medical tests and successfully passed all and was placed No. 52 on an eligible list promulgated for the position, and No. 58 thereon was certified for appointment, he is entitled to certification by the commission for the permanent position of carpenter. Petitioner also contends that since he qualified and was appointed to the competitive civil service position of structure maintainer, which is more arduous, laborious and requires greater skill, labor and manual work than the duties required of the position of carpenter, the latter position did not require extraordinary physical effort, and the fixation of the forty-five-year maximum age condition was a discrimination. Finally, petitioner asserts that in this proceeding he does not seek to review a determination of the commission but to compel the performance of a duty specifically enjoined by law upon the commission.

Petitioner has moved for a final or alternative order under article 78. Respondent commissioners oppose petitioner's application and also move for dismissal of the petition.

The respondent commissioners assert four grounds for dismissal: (1) As the proceeding was instituted more than four months after the determination to be reviewed became final and binding in September 1947, when the commission published the eligibility requirements as carpenter, it is barred by section 1286 of the Civil Practice Act; (2) the petitioner was guilty of laches, since he did not proceed to test the published qualifications under article 78 between September 11, 1947, when applications were first issued and petitioner filed his, which contained a notice of the age and other requirements, and November 22, 1947, the date of written examination, but delayed more than eighteen months until the institution of this proceeding on April 12, 1949; (3) the commission's action in declaring petitioner unqualified after the examination was authorized by statute was a final determination in any event and as petitioner brought this proceeding seven months thereafter it is barred by section 1286; (4) the position of carpenter may reasonably be determined to be one that " required extraordinary physical effort " within the meaning of section 25-a of the Civil Service Law.

Section 25-a reads as follows: " * * * Nothing herein contained, however, shall prevent such state or municipal commission from adopting reasonable minimum or maximum age requirements for positions such as policeman, fireman, prison guard or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law. * * * "

Obviously the section authorizes the municipal commission to adopt reasonable minimum or maximum age requirements for positions which require extraordinary physical effort, where no such limits are otherwise provided by law. Policemen, firemen and prison guards are recited as examples (*Matter of Deodati* v. *Kern,* 280 N. Y. 366, 373).

That case involved a porter, but the language is equally applicable here.

" If, therefore, the position of porter may involve any duties which would come within the meaning of the phrase ' extraordinary physical effort ', the position is within the class denominated in the exception. Furthermore, the amount and kind of effort denoted by the phrase ' extraordinary physical effort ' cannot be judged by any absolute standard. As compared with the sedentary white collar occupations, such as book-

keeper, primarily requiring mental effort, the position of porter does require extraordinary physical effort. Then, too, physical effort exerted for a long duration may be as extraordinary as strength exerted in an emergency.

"* * * As already stated, to bring a position within the statutory exception, extraordinary physical effort need not be its daily routine. Even the positions of policeman, fireman and prison guard do not measure up to that standard. The Commission properly requires that an eligible, certified under the title of porter should be able to perform any and all of the possible duties of the position. If the work of a porter were confined to polishing brass and general light cleaning, the determination of the Commission, that the work required extraordinary physical effort, might have been open to question. If, on the other hand, the duties of the position had been restricted to the concededly heavier and more arduous tasks, the contrary conclusion would have been unassailable. It is apparent that the Municipal Civil Service Commission could reasonably find that the duties of porter involved both light work and work which would require the expenditure of extraordinary physical effort."

In *Matter of Michner* v. *Kern* (281 N. Y. 689) age forty-five had been fixed as the minimum age requirement for the position of house painter, and that requirement being questioned in the proceeding on authority of *Matter of Deodati* v. *Kern* (*supra*) the petition was dismissed. The duties of the position of carpenter, as here under consideration, were set forth in the notice of examination, which was a part of petitioner's application, as follows: "Duties: To replace, install and repair floorings, partitions, window frames and sashes, tool boxes, boardwalks, fences and screens; repair office furniture, doors, park benches; work from sketches and plans; perform related work."

Petitioner may have been capable of performing such duties when he took the examination and may continue to be capable for many years. The commission, however, was warranted in fixing age forty-five as a reasonable requirement of general application and the exceptional qualifications of petitioner neither rendered him eligible nor the requirement unreasonable. It is clear that a carpenter performing the duties enumerated would be required from time to time to expend extraordinary physical effort in performing the duties prescribed. "The extraordinary physical effort required need not be continuous, but only that the position comprise in part such effort" (*Matter of Deodati* v. *Kern, supra*, p. 372). Many may reasonably think that carpenters are physically capable of fully per-

forming every function of their trade far beyond the age of forty-five, but the Civil Service Law gives the right of discretion and the responsibility in its exercise to the commissioners, and unless their judgment is shown to be corrupt, illegal, capricious or whimsical, the court may not substitute its judgment for that of the commission. The commission's act in fixing the minimum age qualification being warranted by law, the question arises whether the commission was authorized to declare the disqualification after examination when petitioner's name was upon the eligibility list.

Subdivision 4 of section 14 of the Civil Service Law is as follows: " 4. Disqualification of applicants or eligibles. The civil service commissions may refuse to examine an applicant, or after examination to certify an eligible, who is found to lack any of the established preliminary requirements for the examination or position for which he applies;  *  *  * " Under the statute the commission obviously for lack of requirements, has the power and administrative discretion either to refuse to examine such an applicant or in the alternative to refuse to certify him from the eligible list.

Petitioner's reliance on *People ex rel. Finnegan* v. *McBride* (226 N. Y. 252) and *Wolff* v. *Hodson* (285 N. Y. 197) is unavailing. In the *McBride* case (*supra* p. 258) it was held that " an eligible list, should, for obvious reasons, be regarded as a finality, but the commission's authority thereon does not wholly cease  *  *  * ". In the *Wolff* case (*supra*) it was held " that the Civil Service Commission had no inherent authority to correct its own error in determining eligibility." The commission's authority did not cease here. The authority continued and was exercised, as provided in subdivision 4 of section 14, in the commission's refusal to certify an eligible found to lack one of the established preliminary requirements for the examination. Those cases were excellent law upon the facts there. The facts here are so different as to render them of little help. There was no correction here of the commission's own error in determining eligibility. On the contrary the commission here refused under the statute to certify petitioner for lack of eligibility.

Decision of the remaining issues of laches and bar of the proceeding after the expiration of four months may seem to be unnecessary but will be considered so that in any event this determination will have finality. Section 1286 of the Civil Practice Act provides: " a proceeding under this article to review a determination or to compel performance of a duty

specifically enjoined by law, must be instituted by service of the petition and accompanying papers * * * within four months after the determination to be reviewed becomes final and binding * * *."

As it appears that considerations of discretion and judgment are necessary in deciding whether the proposed position for which an examination is to be held is one which requires extraordinary physical effort and under the circumstances what reasonable maximum age requirement should be fixed the decision of the commission thereon would seem to be a determination.

Subdivision 2 of section 1284 of the Civil Practice Act defines the words " to review a determination " as follows: " 2. The expression ' to review a determination ' refers to the relief heretofore available in a certiorari or a mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, which involves an exercise of judgment or discretion."

Section 1285 of the Civil Practice Act provides that an article 78 proceeding shall not be available:

" 3. Where it does not finally determine the rights of the parties with respect to the matter to be reviewed."

As the commission's decision finally determined the rights in respect of eligibility requirements of those who made application to take the examination it may fairly be regarded as a determination within the meaning of the statute. (See *Matter of Cowen* v. *Reavy*, 171 Misc. 266, affd. 258 App. Div. 994; which was mod. 283 N. Y. 232; *Matter of Deodati* v. *Kern*, 280 N. Y. 366, *supra*.)

The statute appears to have run four months after September 11, 1947, on which latter date it decided the position required extraordinary physical effort and fixed the maximum age. Assuming a determination of such question could be made only upon receiving a contrary protest or demand of an individual applicant, the written notice of August 31, 1948, of the commission to petitioner that he was " unqualified " constituted a determination. This proceeding brought seven months later is barred. In addition the petitioner with full knowledge of the maximum age requirement instead of taking some appropriate action for the protection of his alleged rights took the examination and the later practical, physical and medical tests and did nothing until April 11, 1949, eighteen months after full knowledge of the preliminary requirements. If it be assumed that the maximum age requirement was too low, an application to

the court could have stayed the examination until the requirements were changed and all interested persons given equal opportunity to take the examination under proper reasonable requirements. To bar such others would give an undue advantage to petitioner under the circumstances disclosed. Even assuming the maximum age requirement could be held to be unwarranted, which is contrary to the decision here, under all the circumstances disclosed the petitioner has been guilty of inexcusable laches. Petitioner's motion denied. Motion by respondent commissioners for dismissal of the petition is granted. Settle order.