Irving H. Saypol, J.
This is a proceeding (Civ. Prac. Act, art. 78) for an order revoking the disqualification of the petitioner and restoring his name to its former position, No. 192, on the list for the position of court attendant in the City Court of the City of New York.
On February 8, 1955, respondent started daily official publication in the City Record of the announcement of an open competitive examination for the position in question. In original context as printed on February 8 and 9, 1955, no final date for filing applications was mentioned but beginning on February 10, 1955, the final date, February 25, 1955, was added.
In both notices, before and after February 10, under the subheading “ Requirements ” it was stated that “ Candidates must be graduates of a senior high school.” At the foot, in bold type, was the admonition incorporating the pertinent sections of the General Examination Regulations as part of this notice. The petitioner filed his application on February 9, 1955. On the front, at the top appears a caution to candidates to read the reverse side carefully before filling it out. On the back there is considerable informative detail including the terminal dates for receiving applications especially the final filing date, February 25, 1955 which was omitted from the published notice on the first two days. Petitioner had no high school diploma when he filed his application on February 9, 1955, but having been tested by examination on February 25 and 26, 1955, he was issued what is called a high school equivalency diploma dated February 26, 1955. That was received on or about March 14, 1955 when he filed it with the respondent. The competitive examination for the position was held on May 7, 1955. Petitioner passed, was so notified and was certified as eligible and placed on the list as No. 192. About April 23, 1956, he was notified that he was disqualified because he lacked the required educational qualification on February 25, 1955, the closing date for the applications. His name was removed from the eligible list. That ruling was sustained on administrative appeal after a hearing by the respondent.
Petitioner characterizes the respondent’s conduct as arbitrary and thereby illegal. He says that absent a showing of fraud, illegality or irregularity in the establishment of the eligible list it may not be revoked or changed by striking his name. It is argued that the act of the petitioner in presenting proof of educational qualification after the closing date February 25, *919 1955, was attributable to the respondent’s fault in publishing the defective official notice of the examination lacking a final filing date. Its correction after the petitioner had filed his application should not militate against him. He points out that under the Civil Service Q-eneral Examination Buies at least 10 days must intervene between closing of application and examination. If no final date for filing should be specified, the last date for submission of evidence of fulfillment of requirements would be 10 days before the examination date. Therefore petitioner asserts the last date for filing as to him was April 27, 1955, and his diploma was timely filed. It is also argued that there is no statute or ordinance limiting the time for presentation of proof of educational qualification. There is an oblique suggestion of inequitableness toward the petitioner in his elliptical statement that at no time did anybody say or indicate that the notice was to be changed or that the back of the application had information on it which was different from the advertisement in the City Record. He says if that had been called to his attention he could have obtained his equivalency diploma before February 25, 1955. Finally petitioner contends that the only reason for his disqualification is the desire of respondent to favor other eligibles listed below him. No facts are alleged to support that attack nor is there anything that even remotely supports the petitioner’s ambiguous conclusion that his constitutional rights, State and Federal, are discriminated.
The respondent in opposition argues that since the petitioner did not possess the minimum requirements for the position on the closing date February 25,1955, he was ineligible for appointment and therefore subject to disqualification under the Civil Service Bules and Begulations and thereby the act of the commission in disqualifying petitioner was legal.
There is no question of the validity of the conduct of the respondent in establishing the requirements under the law and its rules and regulations and it is not open to question that the latter have the force of law. Nor is there any question of the reasonableness of the educational requirements here. This is not a plenary action. In this proceeding there is no room for substituting the court’s judgment for the respondent’s. Only when illegal by arbitrariness, caprice or otherwise may the court interfere.
The case comes right down to the proposition that a mistake was made by the respondent in its advertised announcement pursuant to which the petitioner acted. On that alone the question would be, as the petitioner poses it, in the absence of an announced final date for applications why he should not be *920 deemed to have had until a day not less than 10 days before the examination on May 7, 1955, to meet the requirements.
The General Examination Regulations by express provision apply to and are deemed part of all examination announcements. General Examination Regulation XI provides that applicants must possess the minimum requirements on or before the last date for the receipt of application. Evidence of qualifications including educational must be filed with the application blanks which are to be furnished by the respondent’s director (N. Y. City Civil Service Commission Rules & Regulations, rule V, § III, subd. 1). He shall fix a period of not less than two weeks during which applications shall be received. There shall be not less than 10 days between the last day for the receipt of applications and the date of the examination (rule V, § III, subd. 2).
The petitioner’s argument in the light of both subdivisions of section III of rule V seems to be that while his application filed on February 9 was not actually accompanied by his high school certificate nevertheless that was constructively fulfilled by its filing on a date not less than 10 days before the examination.
There are two flaws in that logic. First, it ignores the first sentence of subdivision 2 of section III of rule Y which requires the fixation of a period with limits of time for receiving applications and proof. Accepting the petitioner’s reasofiing, there would be no reason why one like petitioner could not insist on withholding his whole application until the eleventh day before examination. Secondly, on the particular application he was enjoined when filling it out to take care “by reading the requirements on the reverse side carefully ” where it is plainly stated that “ 4 P.M. February 25, 1955.” was the end of the period for receiving that application. The whole of the back of the application is denominated as “ Notice of Examination ”, it is a substantial paraphrase of the advertised notice and it too contains the incorporating reference that the “ General Examination Regulations are also to be considered part of this notice.” Nowhere does the petitioner deny that he was without knowledge up to February 25, 1955 that it had been fixed as the closing date for filing. The furthest he goes is to charge that no one told him. But that begs the question for upon him rested the burden of reading and preparing the application in accordance with the Civil Service Law, the rules and the regulations. Within that area there was before him on his own application the fixed date for last filing.
*921 The petitioner cites Arthur Philip Export Corp. (Leathertone) (275 App. Div. 102) for the familiar proposition which excuses liability on the basis of lack of a showing of knowledge and assent to clauses appearing on the reverse side of a document. This case for one thing is not in contract. Furthermore the obligations and responsibilities are matters of express Civil Service Law including the rules and regulations. If a rule of contract law be deemed applicable then Pimpinello v. Swift & Co. (253 N. Y. 159); Wangrow v. City of New York (41 N. Y. S. 2d 814, affd. 268 App. Div. 973) and similar cases are controlling. There is a basic rule that he who signs a written agreement in the absence of fraud or other wrongful act is presumed to know its contents, to have given his assent thereto and to be bound thereby. He is bound whether he has read it, or whether he has negligently signed it without reading it.
It must be held that the respondent had the power and duty to revoke the petitioner’s certification upon ascertaining that evidence of educational qualification was not timely filed. Despite the respondent’s error in not stating the closing date for receiving applications in its published advertisement in the City Record, nevertheless the petitioner is held to have received such notice in the application which he prepared and filed and he is bound thereby particularly since he makes no denial that he lacked such knowledge at the time of its filing (N. Y. City Civil Service Commission Rules & Regulations, rule V, § VII, subd. 3; Matter of Twomey v. McNamara, 195 Misc. 285, 289; Matter of Fitzgerald v. Conway, 275 App. Div. 205, 212; McInerney v. Valentine, 43 N. Y. S. 2d 327, 329, 330).
The application is denied and the motion to dismiss the petition is granted.