In the Matter of CATHERINE FICKEN, Respondent, v VOCATIONAL EDUCATION AND EXTENSION BOARD OF THE COUNTY OF SUFFOLK et al., Appellants. [608 NYS2d 665] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants terminating petitioner's employment as a secretary and to compel her reinstatement to her former position, with back pay, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 30, 1991, which, inter alia, directed the appellants to reinstate the petitioner with back pay.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as a secretary by the appellant Vocational Education and Extension Board of the County of Suffolk (hereinafter VEEB), before being discharged in January 1990 for misconduct. Asserting that she had been discharged without the procedural and substantive protections given her as a civil servant under Civil Service Law § 75, the petitioner commenced the instant proceeding seeking reinstatement with back pay. VEEB responded by arguing that the petitioner was not in a category of employees protected by Civil Service Law § 75. We disagree.

Pursuant to Civil Service Law §§ 35 and 40, all workers within the civil service are to be divided into one of two categories: either the "unclassified" service (§ 35) or the "classified" service (§ 40). Positions under "classified" service are further divided into four subcategories (see, Civil Service Law §§ 41-44). Employees in several of these subcategories are given certain procedural and substantive protections under Civil Service Law § 75 before they can be discharged from their positions (see, e.g., Civil Service Law § 75 [1] [a], [c]).

Although a local department of civil service is given discretion in categorizing civil service positions, such discretion is bounded by the mandates of the Civil Service Law (see, Civil Service Law § 20 [1]; §§ 35-44), and the courts have the power to set aside any classification that is illegal, or arbitrary and capricious (see, Matter of Buckley v Conway, 270 App Div 1066; Matter of Kornbluth v Reavy, 261 App Div 60; Matter of Sippel v Dowd, 191 Misc 558, affd 274 App Div 1027). Here, although Suffolk County has designated the petitioner's position as "unclassified" pursuant to Civil Service Law § 35, there is no enumerated category under section 35 within which the

petitioner falls. Thus, that classification is invalid, and, as all positions not defined as "unclassified" must be "classified" *(see,* Civil Service Law § 40), the petitioner's position is in a "classified" service. Here, the county has failed to perform its "positive duty" to divide such "classified" positions into the proper subcategories *(see, People ex rel. Sims v Collier,* 175 NY 196, 200). Such classifications are needed to determine whether the petitioner is entitled to the protections of Civil Service Law § 75. The petitioner cannot be denied these protections until a classification is made. Thus, the Supreme Court correctly directed the appellants to reinstate the petitioner to her position with back pay. We note that this decision does not pass on the merits of any of the accusations of misconduct asserted against the petitioner.

We also note that, since the petitioner was made a member of the New York State Retirement System by virtue of her position at VEEB, there can be no serious dispute that the petitioner is a civil servant *(see also,* Civil Service Law § 2 [5]; Education Law §§ 1101-1107).

We find no merit to the petitioner's contention that the instant appeal was untimely taken *(see,* CPLR 5701 [a] [1]). Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.