[675 NYS2d 416]

In the Matter of Susan H. Grosh, Respondent-Appellant, v City of Troy et al., Appellants-Respondents.

Third Department, July 9, 1998

### APPEARANCES OF COUNSEL

*Patrick T. Morphy, Corporation Counsel* of City of Troy (*Dionne A. Wheatley* of counsel), for appellants-respondents.

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Mark T. Walsh* of counsel), for respondent-appellant.

### OPINION OF THE COURT

CREW III, J.

In October 1982, petitioner began her employment with respondent City of Troy in Rensselaer County as an account clerk typist in the City's Department of Public Safety, Bureau of Police. Thereafter, from June 1, 1987 to February 23, 1996, petitioner primarily was employed as a confidential secretary to the Chief of the Bureau of Police. The Confidential Secretary position apparently was created as a new position in May 1987, and petitioner's employment record reflects that respondent City of Troy Municipal Service Commission classified this position as exempt.

Following her termination in February 1996, petitioner commenced this proceeding pursuant to CPLR article 78 contending, *inter alia,* that the confidential secretary position was a competitive class position and, therefore, she was entitled to a pretermination hearing pursuant to Civil Service Law § 75. As to remedy, petitioner sought reinstatement to her former position, together with back pay and benefits. Respondents answered and asserted, *inter alia,* that the Confidential Secretary position held by petitioner was in fact an exempt position and, hence, petitioner was not entitled to the various protections afforded by Civil Service Law § 75. Supreme Court partially granted petitioner's application, finding that although respondents may have intended the Confidential Secretary position held by petitioner to be exempt, they failed to comply with the procedural requirements set forth in Civil Service Law § 20 and, therefore, petitioner's position must be classified as competitive by default. As to remedy, Supreme Court directed that petitioner be reinstated with back pay until such time as she was afforded a hearing pursuant to Civil Service Law § 75 or respondents properly classified the position held by her as exempt. These cross appeals ensued.

Initially, respondents acknowledge that they failed to comply with the procedural requirements set forth in Civil Service

Law § 20 and, as such, their classification of the relevant Confidential Secretary position as "exempt" was ineffective. Indeed, respondents concede that Supreme Court properly determined that the position held by petitioner was within the "competitive" class (*see,* Civil Service Law § 44), and our review of the record and the relevant statutes fully supports this determination. Thus, our inquiry on respondents' appeal distills to whether the remedy fashioned by Supreme Court—reinstatement with back pay pending proper classification or a hearing pursuant to Civil Service Law § 75—was appropriate.

In this regard, respondents note that, insofar as is relevant to this appeal, only "[a] person holding a position by *permanent* appointment in the competitive class of the classified civil service" (Civil Service Law § 75 [1] [a] [emphasis supplied]) is entitled to the protections afforded by Civil Service Law § 75, including a pretermination hearing. To that end, it is undisputed that petitioner never has taken a civil service examination relative to the Confidential Secretary position and, as such, petitioner's position cannot be deemed to be a permanent appointment (*see,* Civil Service Law §§ 44, 50, 61; NY Const, art V, § 6). Thus, respondents assert, petitioner simply is not entitled to reinstatement to her former position with back pay pending, *inter alia,* a hearing pursuant to Civil Service Law § 75. Petitioner, on the other hand, contends that the Second Department's decision in *Matter of Ficken v Vocational Educ. & Extension Bd.* (201 AD2d 481) supports the remedy fashioned by Supreme Court. For the reasons that follow, we are of the view that *Ficken* is not dispositive of this matter and, accordingly, Supreme Court's judgment must be modified.

To fully understand why *Ficken* does not compel the result urged by petitioner here, a brief recitation of the facts of that case is required. The petitioner in *Ficken,* who was discharged by the respondent for misconduct, commenced a proceeding pursuant to CPLR article 78 contending that she had been dismissed in violation of Civil Service Law § 75 (*id.,* at 481). A review of the Second Department's decision reveals that the respondent in *Ficken* had designated the petitioner's position as "unclassified" pursuant to Civil Service Law § 35 (*id.*). The Second Department determined, however, that the petitioner's position did not fall within any of the enumerated categories under Civil Service Law § 35 and, hence, deemed the classification made by the respondent invalid (*id.,* at 481-482). Observing that all positions not defined as "unclassified" must be deemed "classified" pursuant to Civil Service Law § 40, the

Second Department found that the respondent had failed to perform its " 'positive duty' " to divide the petitioner's classified position into the proper subcategories, i.e., the exempt class, the noncompetitive class, the competitive class or the labor class (*id.*, at 482, quoting *People ex rel. Sims v Collier*, 175 NY 196, 200). Finding that such classification was necessary in order to determine whether the petitioner was entitled to the protections afforded by Civil Service Law § 75, the Second Department held that the petitioner could not be denied such protections until a classification was made. Accordingly, the Second Department ordered that the petitioner be reinstated with back pay pending such classification.

In our view, the policy considerations apparently underlying the Second Department's decision in *Ficken* (and implicit in Supreme Court's decision in this matter)—that an innocent employee should not be the victim of the appointing authority's failure to act—simply do not come into play here. Although respondents' classification of petitioner's position as exempt admittedly was ineffective due to the failure to complete the necessary paperwork, as a result of which the Confidential Secretary position remained a competitive class position, respondents did indeed classify petitioner's service and, for a number of years, petitioner received the benefits of such classification. To the extent that *Ficken* may be read as standing for the broad proposition that any invalid or inappropriate classification will entitle an employee to reinstatement and back pay pending remedial action by the appointing authority, we decline to follow it.

The issues raised on petitioner's cross appeal do not warrant extended discussion. As petitioner is not an incumbent in a noncompetitive position, later classified as competitive, she is not entitled to the benefits of the "covered-in" doctrine (*see, Matter of Bell v County of Warren*, 111 AD2d 428). Nor are we persuaded that Supreme Court erred in dismissing petitioner's cause of action for retaliatory discharge. The record reveals that the position held by petitioner was one of several positions that were partially funded, i.e., downsized or eliminated, due to the City's budgetary constraints. The parties' remaining contentions have been examined and found to be lacking in merit.

MIKOLL, J. P., WHITE, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed that petitioner be reinstated to her former position with back pay until such

time as she was afforded a hearing pursuant to Civil Service Law § 75 or respondents classified her position as exempt, and, as so modified, affirmed.