John Monahan, Respondent, v. John H. Shipway & Brother and William A. Maroney, Doing Business under the Registered Trade Name of Maroney Trucking Company, Appellants.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ.

Elenor L. Morgan and Frank S. Waller, Appellants, v. Elmer E. Sanborn, as Executor, etc., Respondent. Emma L. Waller and Others, Appellants.— Judgment affirmed, without costs, upon the sole ground that the agreement between husband and wife, evidenced by the preamble of her will of February 27, 1911, did not require her, as the survivor, to give to the next of kin of the husband any substantial amount, and equity will not interfere to enforce such a nominal right on the part of his next of kin. The thirteenth and fourteenth findings of fact are reversed as against the greater weight of evidence, and also the second conclusion of law based on said findings; and this court affirmatively finds the fact that the agreement stated in such preamble was in effect made between husband and wife; but that it conferred upon the next of kin of the husband no substantial right. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

Vasilis Nafpliotis, Respondent, v. Nekles Drakos, Appellant.— Interlocutory judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

The People of the State of New York ex rel. Michael F. Dalton, Appellant, v. William Williams, as Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, and Others, Respondents.— The commissioner of the department of water supply, gas and electricity was justified in relying upon the certification made by the municipal civil service commission, to treat as qualified to do the work they have been doing since December 31, 1914, the inspectors he retained in the service. It was lawful to suspend the inspectors he did suspend, including the relator. It is too late to attack the certification made from a list of eligibles promulgated as the result of a competitive examination held in 1903 or a classification made in 1907. No writ may issue against the municipal civil service commission directing it to place the position of inspector of pipe making in the present classification, no demand so to do having been made upon the commission by the relator. Had a demand been made, it would now be useless to direct that the position formerly held by the relator be included in the classification now existing, as the time within which an appointment could be made from a preferred list has expired and no appointment was made from it to a position in the classification within the prescribed period. Order affirmed, without costs. Jenks, P. J., Thomas, Stapleton and Mills, JJ., concurred; Carr, J., not voting.