In the Matter of JOHN J. MILLER et al., on Behalf of Themselves and All Others Similarly Situated, Petitioners, against ESTHER BROMLEY et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, March 24, 1945.

*Samuel K. Maccabee* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (William J. Fleming* of counsel), for respondents.

EDER, J. Motion denied and petition and proceeding dismissed.

Proceeding under article 78 of the Civil Practice Act. The petitioners seek to annul a decision and determination of the Municipal Civil Service Commission and the Board of Transportation of the City of New York which classified petitioners and others similarly situated in the title and classification of streetcar operators and bus operators, respectively, to compel change of such title and classification to inspector of service and surface lines dispatcher, respectively, and to require payment of compensation, salary and interest pertaining to the title and classification of inspector of service and surface lines dispatcher.

The petitioners contend that under the Wicks Law (L. 1939, ch. 927, § 2, as amd. by L. 1942, ch. 454) they were entitled to be classified as petitioned for.

In brief, the Wicks Law brought the petitioners, former employees of the B. M. T. (and of the I. R. T.), into the City service; this statute related to the unification of the B. M. T. with the New York City Transit System; after unification in 1940, the petitioners were reclassified under the Wicks Law in the competitive civil service title of streetcar operator or bus operator receiving the same compensation; petitioners assert the classification is improper and that they should have the higher competitive civil service title and pay of inspector of service and surface lines dispatcher, as mentioned.

The petitioners herein, employees of the B. M. T. (with the exception of Phillips), had the company title of " motorman "; he, Phillips, had the company title of " bus operator "; they were so listed in the books and payrolls of the company, and were paid the hourly compensation of a motorman or bus operator and their permanent position in the B. M. T. was that indicated. In addition, from time to time, as necessity occa-

sioned, they were called upon, but under temporary assignment, to perform the higher type work of an inspector or dispatcher. Prior to and at the time of unification the petitioners had the mentioned company titles and received the mentioned compensation and performed the duties of that position, except on the occasions when temporarily assigned to the higher type of work.

The Wicks Law required the Municipal Civil Service Commission, after the acquisition of a privately owned transit facility, to reclassify the employees of such facility; it provided that the positions so held by such employees shall be in the noncompetitive class and that such employees shall continue to be employed in similar or corresponding positions and shall have the seniority theretofore held by them as among themselves. The then incumbents of such positions were to continue to hold their positions without further examination.

The Commission, in order to determine the true status of such employees, as to whether their positions were temporary or permanent, did not act haphazardly or arbitrarily, but with due care and prudence; it sent out questionnaires to all employees, which appear in the record (a course similarly taken by the Board of Transportation), for certain information relevant and material to the inquiry, conducted a field investigation and an examination of the personnel and the payrolls and books of the B. M. T. prior to unification. Upon the basis of the answers to the questionnaires and the other factors mentioned, the Commission classified the petitioners in the competitive civil service title of streetcar operator, except Phillips, who was classified as bus operator, and after unification each petitioner received at least the same hourly compensation which he had received while in the employ of the B. M. T.

If at or immediately prior to unification petitioners' permanent duties were those of the position in the competitive class into which they were reclassified, there is no warrant for interference by this court. In order to justify interference and correction by this court, it must be made to appear that the respondents acted arbitrarily, capriciously, unreasonably or in bad faith. This has not been shown; quite the converse, the Commission, as stated, acted properly and in a fair and reasonable manner, and there is ample evidence, which I regard as conclusive, for their decision and determination. This is sufficient to warrant denial of this application and the dismissal of the petition and proceeding. But the objections that the petitioners Bell, Harder, Keller, La Cava, McKinnon, Murray, **Phillips** and **Sadowski, are barred from maintaining this pro-**

ceeding because not commenced within the four months' period prescribed by section 1286 of the Civil Practice Act and because they did not exhaust their remedies by appeal to the Commission from their competitive classifications, are also sound, warranting the dismissal of the petition and proceeding.