In the Matter of the Application of OSCAR E. DE WYRALL, Petitioner, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 5, 1950.

*John P. McGrath, Corporation Counsel,* for respondents.

*C. Belous* for petitioner.

EDER, J. The petitioner, a former employee of the I. R. T. subway system, was, upon transit unification, continued in the city's employ, pursuant to chapter 927 of the Laws of 1939 (Wicks Law); he was classified and placed in the noncompetitive class, in the title of assistant supervisor (Structures). The city, through transit unification, acquired the properties of the B. M. T. and I. R. T. subways systems in June, 1940. After study of petitioner's qualifications and each employee covered into city service, the respondent municipal civil service com-

mission by special resolution adopted January 21, 1942, reclassified petitioner into the competitive class with the title of assistant supervisor (Structures); this reclassification was reviewed and approved by the State Civil Service Commission on February 25, 1942.

Petitioner appealed from said classification of January 21, 1942, claiming that he should have been reclassified as a supervisor (Structures); this appeal was referred to the technical review committee for study and investigation; after study and a hearing accorded to petitioner the committee recommended that petitioner's appeal be denied; this recommendation was approved by the commission and petitioner was notified of this final determination on or about September 30, 1942.

Petitioner has continuously served in the aforementioned civil service title to the present time. From the said determination of the commission with respect to petitioner's appeal of his classification petitioner has taken no steps to review said determination, save the instant proceeding now under consideration.

Before going into a discussion of petitioner's claim, as to its merits, it is essential to first consider the contentions of the respondents which they urge as a bar to this proceeding, for, if well taken, it must follow that the petition must be dismissed and it would necessarily dispense with any consideration of the merits.

It is urged, firstly, by respondents, that this proceeding is barred by the four months' Statute of Limitations, section 1286 of the Civil Practice Act, and that, in addition, petitioner is guilty of gross and inexecusable laches in instituting the present proceeding.

Respondents also point out that petitioner competed in a promotion examination for promotion to the position of supervisor (Structures) having qualified for such examination by being in the title of assistant supervisor (Structures) and is therefore estopped from asserting any claim that the aforementioned reclassification was improper.

I am of opinion that the objections interposed by respondents are substantial, well grounded and must be recognized.

As hitherto mentioned, the commission, on January 21, 1942, reclassified the petitioner in the aforesaid title of assistant supervisor (Structures) which, after appeal by petitioner, was maintained. Of this determination the petitioner was notified on September 30, 1942. This was the final determination of the commission regarding the petitioner.

Section 1286 of the Civil Practice Act, entitled "Limitations of time", provides that a proceeding under article 78 must be instituted within four months after the determination to be reviewed becomes final and binding. This proceeding, manifestly, was not instituted within the statutory limitation period.

Again, the petitioner, having competed in a promotion examination for promotion to the position of supervisor (Structures), having qualified for such examination by being in the title of assistant supervisor (Structures) is estopped from asserting any claim that the aforementioned reclassification was improper. His action in so competing was an irrevocable recognition of the legality and validity of his classification and reclassification by the commission, and, also, a waiver of any right to question it. He cannot take an inconsistent stand of claiming the action was illegal, and then, in order to compete for promotion, recognize the validity of the determination as to his status, and then, upon failing to secure promotion revert to his original claim that his reclassification was illegal.

Finally, petitioner is guilty of gross and inexcusable laches. He has delayed more than seven years before instituting this proceeding. A proceeding for mandamus requires acting without delay, an alert attention to an asserted claim (*Thoma* v. *City of New York*, 263 N. Y. 402, 407).

To escape the defense of laches the petitioner submits that after the rejection of his appeal and the determination refusing his claim to be classified as supervisor (Structures) he remained inactive in the hope that the respondents would ultimately recognize that his claim was founded in justice and that respondents would thereupon reclassify him into his proper title of supervisor and that his conduct in remaining inactive must be viewed as fair and reasonable under the circumstances, and that his taking the promotion examination should not be held to militate against him as he was seeking no more than he was originally entitled to, namely, to attain the title of supervisor.

There is neither logic nor merit in this position. Failure to challenge and long-continued acquiescence, coupled with an inconsistent stand, carry their own implications.

Viewed from any angle, the court finds itself unable to give recognition to petitioner's claims and excuses.

For the reasons stated, the application is denied and the petition and proceeding are dismissed. Settle order.