In the Matter of John Foy et al., Respondents, against Paul P. Brennan et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants.

First Department, April 26, 1955.

*Irving L. Rollins* of counsel (*Wendell P. Brown* with him on the brief; *Nathaniel L. Goldstein, Attorney-General,* attorney), for Civil Service Commission of State of New York, appellant.

*Harold L. Warner* of counsel (*Edward L. Cox, Jr.,* with him on the brief; *Harold L. Warner,* attorney), for New York City Transit Authority, appellant.

*W. Bernard Richland* of counsel (*Bernard Friedlander* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for Municipal Civil Service Commission of the City of New York and others, appellants.

*Sidney A. Fine* of counsel (*Morris Weissberg* and *Lester G. Knopping* with him on the brief; *Sidney A. Fine,* attorney), for respondents.

BREITEL, J. Petitioners, car maintainers on the municipal subways in New York City, bring this proceeding under article 78 of the Civil Practice Act. Attacked as invalid are certain resolutions, classifying positions of car maintainers and allocating salaries to such positions. The resolutions were adopted in 1942 and 1943 by the municipal civil service commission, one without the approval of the Mayor and the State Civil Service Commission, and the others with such approval, but not otherwise in compliance with the statute.

The administrative agencies appeal from denial of their motions to dismiss the petition on the grounds that the relief sought is barred as a matter of *res judicata;* that on the merits petitioners are not entitled to the relief sought; and, lastly, that the proceeding is barred by the short Statute of Limitations (Civ. Prac. Act, § 1286).

The petition avers, among other things, that the resolutions purporting to classify and fix salaries for the positions of petitioners in the civil service were invalidly adopted. The alleged invalidity consists in the failure to give notice, conduct hearings and obtain approval of the Mayor and the State Civil Service Commission in accordance with the procedure mandated by the statute (Civil Service Law, § 11, subd. 2).

The order denying the motions should be reversed and the petition dismissed, but only because the petition sets forth its allegations in such confusing form that it is not possible, without unnecessary difficulty and speculation, to spell out the remedy to which petitioners may be entitled. The situation is further confused by the prayer for relief which is improper in that it seeks relief barred by the decision in the earlier and

related case in the Court of Appeals. (*Matter of Corrigan* v. *Joseph,* 304 N. Y. 172.) In dismissing the petition, however, it is our view that this proceeding is not barred by section 1286 of the Civil Practice Act, and that, consequently, petitioners are entitled to leave to amend their petition.

Because the petition attacks the validity of the procedure in the adoption of classification resolutions by the municipal civil service commission, the four months' Statute of Limitations is not measured from the date of the resolutions but from refusal after demand made upon the commission to adopt proper resolutions. (Civ. Prac. Act, §§ 1284, 1286; *Matter of Beggs* v. *Kern,* 172 Misc. 556, 566, affd. 258 App. Div. 1049, mod. on other grounds, 284 N. Y. 504; cf. *Matter of Moskowitz* v. *La Guardia,* 183 Misc. 33, 40, affd. 268 App. Div. 918, affd. 294 N. Y. 830, and *Legg* v. *Brandt,* 261 App. Div. 319; see *Matter of Cash* v. *Bates,* 301 N. Y. 258, 261.) Indeed, if that were not so, the Court of Appeals would not have considered the merits with respect to wage scales in the predecessor case to this one, nor would it have struck down earlier actions of the board of transportation. (*Matter of Corrigan* v. *Joseph, supra.*) With respect to the February 25, 1943, resolution (adopted December 29, 1942, and approved by the Mayor and the civil service commission in February, 1943), the Court of Appeals made it clear that the resolution was not subject to attack in the proceeding before it because the commission was not a party (304 N. Y. at p. 186, footnote). In the present proceeding the commission was made a party. By parallel reasoning, the denial of motion to amend the remittitur in the Court of Appeals, is not determinative, and is at least equivocal, as to the right to raise the question of the validity of that resolution in a proceeding in which the commission is a party.

Section 1286 of the Civil Practice Act provides for two kinds of time limitations in proceedings brought under article 78. The first relates to the review of determinations, the second relates to applications to compel performance of a duty specifically enjoined by law. The first is historically associated with certiorari to review a determination, involving the exercise of quasi-judicial discretion, made after hearing by an administrative agency, and with so much of mandamus as related to review of the exercise of administrative (not quasi-judicial) discretion in which a hearing was not required. (Cf. *Matter of Consilvio,* 112 N. Y. S. 2d 9, RABIN, J.) The second relates historically to so much of mandamus as involved an attempt to compel performance of a ministerial duty imposed by law.

(*Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292, BERGAN, J. For a fuller historical discussion see Third Annual Report of N. Y. Judicial Council, 1937, pp. 129, *et seq.*; cf. *Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164.)

Before the 1937 enactment of article 78 of the Civil Practice Act (L. 1937, ch. 526), there was no statutory time limitation on the bringing of mandamus. (See *Matter of Williams* v. *Pyrke,* 233 App. Div. 345, 347.) Under article 78, in order to determine whether the limitation is computed from the time the action by the body or officer becomes final and binding or from the time of refusal after demand to perform a duty mandated by law, the question is whether the relief sought is the review and the annulment or modification of a determination involving judgment or discretion, as distinguished from a demand for ministerial action in accordance with law. (Civ. Prac. Act, § 1284.) In cases involving the validity of procedure in the classification of positions or the allocation of salary schedules, the performance of a duty mandated by law is in issue, although the procedure, if properly followed, may result in the application of administrative discretion. Consequently, the limitation is measured from the time of refusal after demand to perform the duty mandated by law, rather than from the time the adoption of the classification of positions or the allocation of salary schedules becomes final and binding. (*Toscano* v. *McGoldrick,* 300 N. Y. 156, 161; *Matter of Williams* v. *Morton,* 297 N. Y. 328, 334; *Matter of Powers* v. *La Guardia,* 292 N. Y. 695; *Matter of O'Connell* v. *Kern,* 287 N. Y. 297, 301.) Of course, regardless of time limitation statutes, the defense of laches remains available against suitors who have too long rested quiescent upon their rights. (*Matter of Amsterdam City Hosp.* v. *Hoffman, supra.*)

While it is true that the petition in this case refers to action taken in the past and attacks it as arbitrary, and that is where the emphasis lies, nevertheless, it also attacks such action as illegal for failure to comply with mandated procedural requirements. To that extent it seeks the performance of a duty which petitioner claims is imposed by law on the municipal civil service commission and seeks a direction that the municipal civil service commission make new classifications of positions and new allocations of salary schedules to comply with mandated procedure. This is the classic situation in which the courts have held that the limitation is computed from the time of refusal after demand to perform the duty. (*Matter of Beggs* v. *Kern,* 172 Misc. 556, affd. 258 App. Div. 1049, mod. on other grounds 284 N. Y. 504,

*supra*; *Matter of Powers* v. *La Guardia,* 292 N. Y. 695, *supra*; cf. *Toscano* v. *McGoldrick,* 300 N. Y. 156, *supra.*)

While it is clear, under the decision in *Matter of Corrigan* v. *Joseph* (304 N. Y. 172, *supra*), that petitioners are not entitled to have the municipal civil service commission fix, prospectively, the salary schedules in the classified graded service to accord with prevailing rates of pay, it is not so clear, laches aside, that petitioners are not entitled to compel the commission to adopt proper resolutions on proper procedure. Nor is it necessary to determine now what retroactive relief petitioners may be entitled to obtain (see, however, the concluding and directory paragraph in the majority opinion in *Matter of Corrigan* v. *Joseph, supra*).

As pointed out earlier, however, the petition does not make clear whether relief sought relates to the period during which the allegedly invalid resolutions were applicable, or whether petitioners seek to mandate a prospective prevailing-rate-of-wage standard on the administrative agencies, in violation of the holding in *Matter of Corrigan* v. *Joseph* (*supra*). At least, to the extent it seeks the latter relief, the prayer is clearly in violation of that holding. Moreover, in the sequence of resolutions set forth in the petition, it is not possible to differentiate, without conjecture, between those recited merely for historical purposes and those subject to attack. The purposes of pleading and the convenience of the trial dictate, therefore, the dismissal of the petition, but with leave to petitioners to serve an amended petition.

COHN, J. (dissenting in part). The amended petition is legally insufficient. It seeks to compel the municipal civil service commission, the Mayor and the State Civil Service Commission to amend the rules and classification of position of the municipal civil service commission so as to eliminate the maximum and minimum rates of compensation now prescribed for car maintainers, group D, and to substitute in place thereof prevailing rates of wages; and to compel the city comptroller to determine the rate of compensation for car maintainers, group D, under the prevailing rate of wages law (Labor Law, § 220), and to compel the New York City Transit Authority to pay petitioners the prevailing rates so determined.

Thus it endeavors to establish that petitioners are entitled to be paid the prevailing rate of wages and that the basic 1943 civil service grading resolution and subsequent grading resolutions fixing specific salary limits for the position of car maintainer, group D, are illegal. However, this court and the Court

of Appeals have already held in *Matter of Corrigan* v. *Joseph* (304 N. Y. 172, modg. and affg. 278 App. Div. 798, motions for reargument or amendment of remittitur denied 304 N. Y. 759, motion for certiorari denied 345 U. S. 924) that the 1943 resolution lawfully placed this position in the graded service and thereby excluded it from the purview of the prevailing rate of wages law.

Furthermore, the proceeding is barred by the Statute of Limitations. The amended petition reveals on its face all facts establishing that this proceeding was begun many years after the adoption of the resolutions, including the 1943 resolution, which petitioners are attacking. Where, as here, a petition in an article 78 proceeding shows on its face that it was brought more than four months after the determinations challenged, a motion made under section 1293 of the Civil Practice Act to dismiss the petition must be granted (*Matter of Mahony* v. *Conway,* 281 App. Div. 1057; *Matter of Endig* v. *McGoldrick,* 282 App. Div. 677; *Matter of Twomey* v. *McNamara,* 195 Misc. 285). The grading and salary-fixing resolution adopted on February 25, 1943, was a determination which involved the exercise of judgment or discretion within the meaning of subdivision 2 of section 1284 of the Civil Practice Act and cannot be reviewed for alleged arbitrariness after the lapse of the four months' period of its effective date (Civ. Prac. Act, § 1286; *Matter of Weldon* v. *Rheinstein,* 283 N. Y. 753; *Matter of Cravatts* v. *Klozo Fastener Corp.,* 282 App. Div. 1014; *Matter of Miller* v. *Bromley,* 184 Misc. 676; *Matter of De Wyrall* v. *McNamara,* 198 Misc. 325; *Matter of Twomey* v. *McNamara,* 195 Misc. 285, *supra*).

True, where a salary-fixing act is totally illegal as being beyond the power of the officials sued, the doctrine of a continuing right to demand compliance with the statute is applicable (*Toscano* v. *McGoldrick,* 300 N. Y. 156, 160). However, our case is not in that category. In the *Corrigan* case, the Court of Appeals decided that the municipal civil service commission had full power to grade positions by the February, 1943, resolutions and, thus, to remove those positions from the purview of the prevailing-rate law. Furthermore, the Court of Appeals held that the 1943 resolution was, in all respects, valid and not lacking in the base of a wage scale fixation made by the municipal civil service commission and approved by the Mayor and State commission. The observation of the Court of Appeals in that case, contained in its footnote, upon which the petitioners rely (*Matter of Corrigan* v. *Joseph,* 304 N. Y. 172, 186) related not

to the power of the commission to fix grades, but to the claimed arbitrariness of the exercise of that power.

After the decision of the Court of Appeals was handed down in *Matter of Corrigan* v. *Joseph (supra)* petitioners moved in that court for reargument. Some of the petitioners, including petitioner Foy herein, requested as relief that the court modify its decision by remitting the matter to Special Term so that such petitioners might join the municipal civil service commission as a party to litigate their claim that the grading of their positions by the resolution finally approved in February, 1943, was arbitrary, or to modify or to amend the remittitur so that it would provide that the decision of the court was without prejudice to an application by such petitioners at Special Term to join the municipal civil service commission as a party and to review the alleged arbitrariness of such grading. An examination of the brief of petitioners in the Court of Appeals in support of that application shows the position they took in the point heading at page 4 of their brief (supplemental brief). In opposing the motion, the city in its brief pointed out to the Court of Appeals that the purpose of that motion was: " a patent attempt to induce this Court to mislead the Special Term into the belief that this Court had determined that the equivalent of a separate Article 78 proceeding could now be brought to set aside a resolution of the Civil Service Commission adopted more than fourteen years ago, notwithstanding the provisions of Civil Practice Act § 1286, which requires review of the action of an administrative body to be brought within four months after such action. See *Matter of Sullivan* v. *Williams,* 303 N. Y. 871 (1952) cited by this Court in the footnote to the opinion in this case to which we have already referred * * * ".

" Movants, well recognizing that any attempt to review the action of the Civil Service Commission on the ground of arbitrariness or caprice was long ago barred by the statute of limitations, are trying to revive their dead cause of action through the offices of this Court."

The Court of Appeals declined to amend the remittitur and denied the motions (*Matter of Corrigan* v. *Joseph,* 304 N. Y. 759, *supra*). This disposition made it quite clear that the Court of Appeals would not countenance an obvious attempt to circumvent the four-month period of the Statute of Limitations.

It would seem, therefore, as determined by the Court of Appeals, that there was no such defect in the 1943 resolution as the majority of this court now finds to have existed, and that

it is not subject to the attack which the majority would now allow.

With respect to the subsequent resolutions fixing wage scales adopted by the board of transportation with the approval of the municipal civil service commission, though there was a failure to publish notice of hearings and to hold such hearings prior to their adoption and approval, and though they were not thereafter formally approved by the Mayor or the State Civil Service Commission, these resolutions provided increased wage scales to petitioners. Such resolutions are not subject to challenge for the reasons heretofore stated. Moreover, if they were rescinded, the salaries of petitioners would revert to the scale fixed by the resolution legally adopted and approved on February 25, 1943. This would serve no useful purpose. It would simply mean that petitioners are validly graded as of February 25, 1943 (*Matter of Corrigan* v. *Joseph, supra*) and that every rate increase granted to them since that date has been improperly paid to them. In any event, even if the resolutions were invalid, their invalidity could not taint the valid gradings provided for in the resolution of December 29, 1942, approved by the Mayor on February 2, 1943, and the State Civil Service Commission on February 25, 1943.

For the foregoing reasons, the order should be reversed and the amended petition should be dismissed.

BASTOW and BOTEIN, JJ., concur with BREITEL, J.; COHN, J., dissents, in part, in opinion in which PECK, P. J., concurs.

Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellants, and the petition dismissed, with leave to the petitioners to serve an amended petition.