Hofstadter, J.
In this proceeding under article 78 of the Civil Practice Act the petitioners challenge the validity of the action taken by the respondent, New York Coffee and Sugar Exchange, Inc., through its board of managers on July 13,1955, in adopting a resolution which censured the petitioners, members of the exchange, and fined each of them $1,500. The respondent has moved to dismiss the petition as a matter of law on the ground that the application was not made within the time prescribed by law and therefore is barred. Since the timeliness of the application is the only question now before the court, it is unnecessary to state the circumstances which led to the action complained of or to discuss the grounds on which the petitioners assail the action taken.
Within a few days after July 13,1955, the petitioners, through their counsel, conferred with the respondent’s president and with its counsel. At the close of the discussion, the respondent’s representatives suggested that a formal letter be addressed to the exchange, setting forth the petitioners’ position, so that it might bo taken up by the board of managers at its next meeting. When the petitioners’ counsel pointed out that this could not be done until lie had received the record of the proceedings, it was agreed that the minutes, when ready, be sent to the petitioners’ counsel, who after examining them, would transmit a formal letter for consideration at the next meeting of the respondent’s board of managers. The minutes were received by counsel on August 4th and on August 8, 1955, a formal letter was sent to the respondent, demanding that it rescind the fines and the censure. The respondent by letter of August 17th, received on August 18, 1955, informed counsel that the board of managers at its meeting found no reason to change the action previously taken. This proceeding was begun on December 15, 1955.
*645 The respondent argues that this proceeding is one to review a determination which became final and binding on July 13, 1955, and that since more than four months elapsed between that date and December 15, 1955, when the petition and accompanying papers were served, the proceeding is barred by the four months’ limitation prescribed in section 1286 of the Civil Practice Act. The petitioners urge, on the other hand, that the limitation on their right to institute the proceeding began to run only from the time of the respondent’s refusal, upon demand, to rescind the fines and censure. The refusal occurred on August 17th, less than four months before December 15, 1955, the date of the commencement of this proceeding. Consequently, if the petitioners’ position is upheld, the proceeding is timely.
The precise question for decision then is whether the proceeding is one to review a determination or to compel the performance of a duty imposed by law. The difficulty of the question is well illustrated by the recent case of Matter of Foy v. Brennan (285 App. Div. 669) in which three Justices of our Appellate Division ruled that the adoption by the civil service commission of a classification of positions and allocation of schedules was the performance of a duty mandated by law, and that the limitation on a proceeding to correct the action taken is measured from the time of refusal after demand to perform that duty (p. 673). The two dissenting Justices were, however, of the opinion that the commission had made a determination, which involved the exercise of judgment or discretion, and that the limitation ran from the date of the determination (p. 675).
Article 78 of the Civil Practice Act, abolishing writs and orders of certiorari, mandamus and prohibition, enacted in 1937, aimed to simplify procedure, not to alter the applicable rules of substantive law. This is clear from the comment of the Judicial Council on section 1283: “ This section is new. It makes no change in the present substantive law as to the right to relief in what are known as certiorari, mandamus and prohibition proceedings, but establishes a uniform procedure for obtaining such relief ” (Third Annual Report of N. Y. Judicial Council, 1937, p. 180).
The respondent is a membership corporation. Mandamus has been recognized as the appropriate remedy of an aggrieved member of such a corporation to compel it to rescind adverse action claimed to be unlawful. Thus reinstatement to membership has generally been sought by mandamus (People ex rel. Johnson v. New York Produce Exch., 149 N. Y. 401; Matter of Haebler v. New York Produce Exch., 149 N. Y. 414; Matter of Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 293; *646 People ex rel. Wilson v. Medical Soc., 84 Hun 448; Matter of Gallagher v. American Legion, 154 Misc. 281, affd. 242 App. Div. 604, motion for leave to appeal denied 242 App. Div. 630; Matter of Wilcox, 123 App. Div. 86, 88).
It is settled that when the duty sought to be enforced by mandamus is of a private nature, prior demand and refusal must be established (People ex rel. Taylor v. Welde, 61 App. Div. 580; People ex rel. Dalton v. Williams, 173 App. Div. 946; Moseley v. Collins, 133 Ala. 326; State ex rel. Onion v. Supreme Temple, Pythian Sisters, 227 Mo. App. 557; Merrill on Mandamus, § 222 et seq.). Article 78 of the Civil Practice Act does not dispense with the necessity of demand and refusal. “No change in the present law as to the necessity of a demand in mandamus is intended (Third Annual Report of N. Y. Judicial Council, 1937, p. 183). Inasmuch as the right to maintain the proceeding does not accrue until the refusal to comply with the demand, the limitation runs only from the date of the refusal (Matter of Foy v. Brennan, 285 App. Div. 669, 673, supra).
Since historically mandamus has been the accepted remedy for the assertion of the private right of a member of a corporation, the petitioners’ grievance here may, in my opinion, be vindicated by this remedy. In other words, this proceeding is properly to be regarded as in the nature of one for mandamus. This ruling follows the doctrine that the essential nature of mandamus has not been abolished by article 78 of the Civil Practice Act. Nor, in applying a period of limitation as short as four months, may we be unmindful that the reasons which make prompt review of the challenged acts of public officials desirable are not so compelling in the case of a dispute, such as the present, between two private litigants. This proceeding having been brought within four months after August 17, 1955, the date of the respondent’s refusal, is, therefore, not barred.
The foregoing views render unnecessary consideration of the petitioners’ further contentions that the respondent is under a continuing duty to refund the fines and that there was a reconsideration which postponed the running of the period of limitation.
The motion to dismiss is accordingly denied. The respondent may answer within ten days after service of a copy of the order hereon with notice of entry. Settle order.