Reid S. Moule, J.
This is a proceeding under article 78 of the Civil Practice Act in which the petitioner attacks the validity of a resolution adopted June 11, 1959 by the respondent Board of Education of the City School District of Lackawanna, New York, and the validity of two contracts awarded by that resolution to the respondent Frank E. Hollins.
The first contract is for the printing and publishing of the official minutes of the Board of Education in the newspaper Lackawanna Leader published by the respondent, Frank E. Hollins, for the period of one year at a total cost of $3,600 to the City School District. The allegations of the petition concerning the awarding of this contract are not put in issue.
The second contract is for the printing and publishing in the afore-mentioned paper of the legal notices of the City School District at an annual cost to it of in excess of $1;000. The allegations of the petition concerning this contract are put in issue by the answer of the respondent, Frank E. Hollins.
The petitioner maintains that the resolution and contracts awarded thereunder without advertising for bids are in violation of the following statutes: General Municipal Law (§ 103); *99 Education Law (§ 2513) and Public Works Law (§ 15). These sections provide in the composite for the letting of contracts for public works and purchase contracts involving an expenditure of more than $2,500 to the lowest responsible bidder after advertisement for bids.
The respondent, Board of Education of Lackawanna City School District, the body whose action in awarding the contracts to the respondent Hollins is sought to be annulled, has not filed an answer in this proceeding.
No claim was made on oral argument or in Hollins’ brief on behalf of either respondent that advertisements were made for bids. The Board of Education did not submit a brief. Bather, it was their contention that it was not practical to ask for bids, as petitioner and respondent Hollins would be the only ones interested and petitioner was not in the respondent board’s opinion qualified.
The respondent Frank E. Hollins maintains that the petitioner is hot an aggrieved party. In this connection, petitioner alleges that he is the owner of a newspaper doing business in the City of Lackawanna, and known as “ The Front Page ”. This is put at issue by the answer of the respondent, Hollins. He alleges, in paragraphs ‘ ‘ eleventh ’ ’ and ‘ ‘ twelfth ’ ’ of his answer, that “ The Front Page ” had but three or four weeks publication; that it is not a newspaper having a paid circulation but is a “ free ” paper and that it is not listed with the post office as a newspaper. The foregoing allegations of the answer, set forth as an affirmative defense, must be accepted as true for the petitioner failed to put them is issue (Civ. Prac. Act, § 1292; Matter of Hines v. La Guardia, 293 N. Y. 207, 215; Entress v. Sours, 272 App. Div. 861; Matter of Bernola v. Fletcher, 280 App. Div. 870).
However, it is not provided in the afore-mentioned statutes that the advertisement for bids must be done in a newspaper. Doubtless, the advertising for bids could be done by the use of instrumentalities other than newspapers. The term “ advertising ” is defined: “Making public intimation or announcement of anything, whether by publication in newspapers, or by handbills, or by oral proclamation; the act or practice of bringing anything, as one’s wants or one’s business, into public notice, as by paid announcement in periodicals or by handbills, placards, etc.” (2 C. J., Advertising, p. 294).
The proper advertising for bids and the letting of contracts, as provided by the law above set forth, is a matter of public interest. Under such circumstances, it is neither necessary for *100 the petitioner to show that he is an aggrieved party nor that he has any special interest. (See 22 Carmody-Wait, New York Practice, §§ 310, 313 and cases cited.)
The contracts heretofore referred to are hereby ordered vacated and set aside.