Herbert D. Hamm, J.
The petitioner in 1951 resigned from her position as a teacher in Central School District No. 1 mentioned in the title of this article 78 (Civ. Prac. Act) proceeding. The alleges in her petition that at the time she resigned, teachers were entitled to $250 per year for each year of prior teaching-experience and she further alleges that she had had nine years of such experience at the time of her resignation.
In January of 1958 she was again employed as a teacher for the school year commencing in September. She was not reinstated to her former position but was employed on a probationary basis without, as she concedes, tenure. The salary schedule and rules in effect at the time of the commencement of her employment in 1958 provided:

*617 1. This salary schedule shall be automatic, provided however, that the Board may, upon the recommendation of the Superintendent of Schools, and, after affording such teacher an opportunity to appear before the Board and be heard, withhold one or more further increments from such teacher.
2. Credit for teaching experience outside the Fallsburgh Central School System shall be limited to a maximum of 3 years; that is, no teacher new to the Fallsburgh system may begin at a point beyond step 4 in whatever category the teacher is located.
3. Credit for military service shall be granted only to the teacher whose teaching service was interrupted while employed in the Fallsburgh system.
4. The evaluation of graduate credits for placement and advancement in categories is solely the responsibility of the Superintendent of Schools. For teachers in the system, approval of such graduate courses must be done in advance of taking such courses. The $100 increment for 10 approved credits of work must be gained and approved no later than September 10.
1. The schedule listed above is for the 58-59 school year. Accordingly, all teachers currently employed will receive the regular $250 increment plus the $100 raise in minimum starting salaries.
2. For the school year 59-60 the minimum starting salaries will again be increased by $100. In like fashion, all personnel employed during that year will receive this additional $100 in their increment.
3. During the 60-61 school year the same increment will occur, so that by September, 1961, the beginning salary for the 5 year preparation will be $4600 and, during this year, this $100 increase will once again be reflected in all curren! teacher salaries.
The petitioner had 30 credits for postgraduate work and consequently she was entitled to the minimum salary of $4,400 for “ preparation ” which appears in the salary schedule above as “i4oP‘ -'-ke “ 5 ” appearing over 123*******11 4400 ” refers to four years of study prior to qualifying for teaching plus 30 credits for postgraduate study, making an equivalent of five years. The petitioner does not complain that she was not given due credit for preparation. In addition to the basic salary of $4,100 plus $300 for preparation the respondents added $750 in view of the *618 petitioner’s qualifications based principally on her years of prior experience in teaching. Thus a total of $5,150 was reached and this was the petitioner’s salary for the school year commencing in September, 1958, and ending in June, 1959. [In January, 1958, the petitioner signed an agreement to accept a salary of $5,050 but eif. July 1,1958, all salaries were increased by $100.] For the year commencing in September of 1959 her salary was $5,500. It will be observed that the salary schedule provided that each teacher would receive an annual increase of $250 for each year of service. So her salary for her second year was increased by $250, a so-called increment. She received also an additional $100, which was a general increase again granted to all teachers. Consequently her salary for the second year was $5,500. An explanation may be indicated as to the statement : ‘ ‘ This salary schedule shall be automatic, provided however, that the Board may, upon the recommendation of the Superintendent of Schools, and, after affording such teacher an opportunity to appear before the Board and be heard, withhold one or more further increments from such teacher. ’ ’ This provision permits the Superintendent after the conclusion of the school year or any subsequent school year to recommend to the board that the increment earned during the preceding year of service by completion of the year of service be withheld because of unsatisfactory performance during that year of service. After affording the teacher an opportunity to be heard the board may, under the provisions, withhold the increment if circumstances warrant. The rule mentioned does not affect this proceeding. There is no claim by the respondents that the petitioner’s services were at any time unsatisfactory or that any increment was ever denied.
The petitioner makes no assertion that her salary was at any time less than the statutory minimum. Her contention is that by reason of her nine years’ teaching experience concluded by her resignation in 1951, she was entitled, when re-employed as a probationary teacher, to an allowance of $2,250, nine times $250. In Matter of Padlon (52 N. Y. St. Dept. Rep. 517, 519) the Commissioner of Education stated: “ There is nothing in the Education Law providing for reinstatement of teachers and after a teacher leaves the system, having filed a resignation in due course, that teacher has no legal right to be reinstated. If the teacher is to be reinstated, it is only in the discretion of the board of education. The board of education can make rules and regulations, as has been done in the city of New York, to outline a procedure and the circumstances under which it will reinstate employees who merit such consideration. There is no
*619 obligation on the part of the board of education to pay a teacher who is reinstated any more than the salary schedule provides for a new entrant into the system, unless otherwise provided by its by-law, and, consequently, applicant’s first claim that he should be entitled to the same salary which he was receiving when he resigned, secured after several years of service, has no legal basis.” The decisions of the Commissioner are entitled to weight (Matter of Hill v. Board of Educ., 286 App. Div. 332, 338, affd. 309 N. Y. 945; Matter of Savage v. Allen, 13 Misc 2d 489, 494, affd. 8 A D 2d 650, motion for leave to appeal denied 8 A D 2d 911, motion for leave to appeal denied 7 N Y 2d 706). It should be noted that the petitioner was merely re-employed probationally and not reinstated and hence that a fortiori by her resignation she forfeited her rights to increments gained by prior service. Moreover, except for an affidavit replying to the affidavits of the president of the respondent board no reply has been served to the new matter in the respondents’ answer supported by documents and affidavits and hence the allegations are required to be deemed admitted, at least insofar as not contradicted by the affidavit. (Civ. Prac. Act, § 1292; Matter of Lemir Realty Corp. v. Larkin, 10 A D 2d 1005; Matter of Savage v. Allen, supra; Matter of Bering v. Patterson, 2 A D 2d 820; Matter of McDonough v. Board of Educ., 20 Misc 2d 98, 99; Matter of Restivo v. Degnan, 191 Misc. 642, 646.)
The petition is dismissed.
As the respondents pleaded the four-month Statute of Limitations, a hearing was held. In Austin v. Board of Higher Educ. (5 A D 2d 664, 666) Mr. Justice Breitel stated: “ The first question is whether the dismissals of plaintiffs involved any act of discretion or quasi-judicial determination. If so, plaintiffs are time-barred, because they must first have sought review of the discretionary or quasi-judicial determination in an article 78 proceeding under the Civil Practice Act. Such a proceeding must have been brought within four months after the determination had become final and binding (Civ. Prac. Act, § 1286; Matter of Foy v. Brennan, 285 App. Div. 669). * * * If the dismissals, however, involved neither an act of discretion nor a quasi-judicial determination, then remedy by action or proceeding may be obtained within four months after demand on defendant to perform the duty specifically enjoined on it by law, namely, to reinstate plaintiffs in their positions or to pay them their salaries (Civ. Prac. Act, § 1286; Platter of Foy v. Brennan, 285 App. Div. 669, supra).” This case was reversed on other grounds (5 N Y 2d 430) but Chief Judge Conway expatiated the exegesis. If the action of the respondents had .been in the *620 exercise of discretion, the statute would long since have run as the petitioner was aware of it in January, 1958, when she in writing accepted the employment. However, while the respondents undoubtedly exercised their discretion in paying the petitioner $750 more than the salary required by their schedule, they were not required to pay the petitioner the additional $750 which they allowed her and hence the exercise of their discretion is not before me for review. The petitioner alleges that she made repeated demands ‘ ‘ between September of 1958 and the present time ”. However, the evidence indicated that the respondents, although discussing and considering her requests, did not take final action until January 7, 1960. This proceeding was instituted within four months from that date.