*549 OPINION OF THE COURT
Eli Wager, J.
This is an action by the plaintiff corporation Metropolitan Waste Management Corp. (MWM) for a judgment declaring that the award by the defendant Town of Hempstead (Town) of a contract to the defendant Browning-Ferris Industries of Long Island, Inc. (BFI) for a service agreement, for transfer station construction and operation, and for waste transfer and disposal services, to be in violation of law and invalid. The defendants move separately for summary judgment.
Plaintiff alleges that this action was commenced pursuant to General Municipal Law § 120-w (6). That section deals with the authorization and regulation of contracts and agreements for solid waste collection and disposal. The legislation specifically provides therein the means and methods by which municipalities can address the unique needs and demands made upon them by the current state of affairs in their waste disposal functions. As a part of the statute, the time-honored requirements for competitive bidding procedures were relaxed or eliminated in favor of permitting municipal governments to negotiate for the erection of waste management and disposal facilities on a "request for proposals” basis (General Municipal Law § 120-w [4] [e]).
The Town of Hempstead owns the Hempstead Resource Recovery Facility, an existing waste disposal plant adjacent to the Meadowbrook Parkway in the vicinity of Garden City. That facility has been closed for some nine years by reason of the fact that the disposal process utilized therein was deemed to be an environmental hazard. It is common knowledge that the Town has for some years sought to revise or alter the existing plant in some fashion so as to address a critical waste disposal problem which presents itself to this municipality and almost every municipality in the country. Toward that end, it appears that in or about 1984 the Town of Hempstead retained a consulting firm, CSI Resource Systems, Inc. (CSI), to assist the Town in redeveloping the Hempstead Resource Recovery Facility. That consultant subsequently prepared requests for proposals for the redevelopment of the plant which ultimately were issued in draft form on or about May 28, 1986. The Town conferred with prospective proposers among which was a predecessor and now principal of the plaintiff corporation (Omni) and the defendant BFI. The statutory 60-day period for comments followed, at the end of which two *550 proposals were received by the Town, one from the plaintiff MWM and the other from BFI. According to the affidavit of a member of CSI (Harkins) submitted in support of the Town’s motion for summary judgment, and the exhibits appended thereto, the Town was advised by their consultants that the plaintiff’s total projected price was $909,622,426 and that the defendant BFI’s projected price was $786,024,909, a difference of approximately $123,000,000. Subsequent thereto, the Town notified defendant BFI that it was the "preferred vendor”. This action followed.
On the argument of the motions of the defendant Town and BFI and in the supporting papers of both movants and opponent, it was conceded that the court must first deal with a threshold issue of the plaintiff’s standing to sue in this case. Critical to the determination of this issue are the following facts:
(1) The plaintiff MWM does not maintain an office for the conduct of its business within the Town of Hempstead; and
(2) Plaintiff is not the owner of real property within the Town of Hempstead; and
(3) The plaintiff does not seek the award of the contract to itself, but brings this action "for the benefit of the Town and its citizens”.
Thus, the issue of standing is squarely presented for court review. Plaintiff MWM asserts that this action "is expressly contemplated by General Municipal Law § 120-w”. Plaintiff and the defendants agree that this is not a CPLR article 78 proceeding. Although plaintiff MWM relies upon subdivision (6) of the statute for authority to commence this action, the nature of the action to be commenced under that statute is not defined or prescribed. Since there is no prescribed cause of action, MWM argues that the legality of the contract award is to be decided under common-law rules and seeks, in effect, a declaratory judgment invalidating the award.
Defendants Town and BFI urge that in the absence of a specifically legislated cause of action, this action must be treated as an action under section 51 of the General Municipal Law since it sounds in a claim of municipal waste and/or harm to the defendant Town and to the taxpayers and citizens of the defendant Town. Plaintiff MWM readily admits that it seeks to vindicate a right of the citizens of the defendant Town and eschews any selfish motive in that it does not claim that the contract should have been awarded to it nor does it *551 seek an award of damages or any other form of relief for itself.
The court has reviewed subdivision (6) of the statute which is silent on the issue of the form of action to be taken and the party or parties aggrieved who may bring such an action. It does appear that there are no reported cases on this aspect of the statute and, thus, we are dealing with a case of first impression. Clearly, the plaintiff as an unsuccessful bidder would be an aggrieved party if it sought an award of the contract to itself. This the plaintiff expressly renounces.
In order to vindicate a public right and obtain a benefit for the taxpayers of the Town, which it professes to be doing in this action, the plaintiff seeks to establish that the entire request for proposal process, at least as utilized by the defendants in this case, is contrary to law and thus results in an illegal act with a consequence of waste of public funds. Such an action sounds in that class of actions which are proscribed in General Municipal Law § 51: "to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation whose assessment, or by any number of persons or corporation, jointly, the sum of whose assessments shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment in the county, town, village or municipal corporation”. In brief, this is a taxpayer’s action unless one can find a legal basis which would bring the plaintiff within the ambit of those cases where standing to sue has been enlarged beyond the traditional concepts of an aggrieved party (see, Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1). Plaintiff concedes that the statute is "totally silent on who may bring that action” which is authorized. Plaintiff relies upon Douglaston (supra) and its progeny Matter of Fritz v Huntington Hosp. (39 NY2d 339) and Matter of Dairylea Coop. v Walkley (38 NY2d 6) for its assertion that it has standing to sue in this case.
Taking another alternative tack, plaintiff further argues that it is aggrieved by defendant Town’s release of plaintiff’s confidential proposal to BFI in response to a subpoena issued by BFI in an action pending in Buffalo by and between BFI and its former employee, who later became affiliated with MWM. Numerous affidavits and exhibits supplied by the defendants tend to establish that this claim by MWM is unfounded. The subpoena was responded to only after the proposals were submitted, dollar estimates were deleted from *552 the exhibits and there appears to be little merit in the contention that this incident, in and of itself, confers standing upon the "aggrieved” plaintiff, which seeks no relief from the defendants in this action.
Turning to the remaining argument of the plaintiff, that its status as an unsuccessful bidder confers standing upon it, plaintiff cites numerous cases in support of that proposition (Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337; Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14; Empire Elec. Contrs. Assn. v Fabber, 71 Misc 2d 167; Matter of General Bldg. Contrs. v County of Oneida, 54 Misc 2d 260; Matter of McDonough v Board of Educ., 20 Misc 2d 98; Matter of Policemen’s Benevolent Assn. v Board of Trustees, 21 AD2d 693, 694). Those cases are inapposite, however, since each cited case is an article 78 proceeding commenced by an unsuccessful bidder seeking private relief, i.e., an award of the contract or a rebidding by reason of some claim of illegality in the conduct of the public contract process. That is not the case here.
Essential to the determination of this issue is the identification of the plaintiff’s cause of action. It is the court’s conclusion that this is in essence and in fact and law an action pursuant to General Municipal Law § 51, notwithstanding the label of "declaratory judgment”. "It is well recognized that with respect to declaratory judgment, the party who seeks same must have a 'standing to sue’. In determining whether there is such standing, it must be shown that the plaintiff’s personal or property rights will be directly and specifically affected. 'Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue’ (24 Carmody-Wait 2d, New York Practice, § 147:28). However, a taxpayers’ action for declaratory judgment is governed by section 51 of the General Municipal Law and is a separate and distinct remedy. 'Under the statutes, it is the status of the plaintiff as a taxpayer, not a special injury to the particular plaintiff, that gives him the right to sue as a taxpayer’ (21 Carmody-Wait 2d, New York Practice, § 128:1; see Carmody-Wait 2d, § 128:38).” (Wein v City of New York, 47 AD2d 367, 370-371, mod on other grounds 36 NY2d 610.)
One must observe that when an action is brought against public officials "to prevent any illegal official act * * * or to prevent waste or injury to, or to restore and make good, any property, funds or estate [of the municipality]” it is an action *553 under General Municipal Law § 51 (Wein v City of New York, supra). That statute requires, as a sine qua non, that the litigant be a taxpayer as defined by the section (New York Pub. Interest Research Group v Board of Assessment Review, 104 Misc 2d 128). The plaintiff does not meet any of the statutory requirements for standing.
Despite this court’s determination that the plaintiff lacks standing to sue, the court will briefly address the merits of the issue presented by the plaintiff’s action. Briefly stated, the plaintiff argues that the Town was required to follow the competitive bidding process (General Municipal Law §§ 101, 103) as opposed to the "request for proposals” process authorized in General Municipal Law § 120-w (4) (e). That section provides in pertinent part that "wherever practical, such contracts which include construction work should be procured through competitive bidding procedures as prescribed by sections one hundred one and one hundred three of this chapter” (emphasis supplied).
This waste disposal project was conceived in two parts, one a "service agreement” and the second a transfer station construction project. Both were included in the "request for proposals” and plaintiff MWM and defendant BFI responded with their respective proposals, as to which reference was made hereinabove. The plaintiff thus participated without complaint or objection until after the acceptance of BFI’s competing proposal.
On oral argument, plaintiff contended that the defendant Town, before it could elect to use the request for proposals process, was required to make a determination that in this case the competitive bidding process was not practical and that in fact no such determination had been made.
There is no formal prescription in the statute that a specific procedure be followed by the municipality as a prelude to dispensing with the competitive bidding. It is enough that the Town elected to proceed on a request for proposals basis. By that act the Town declared that competitive bidding was not practical in this situation. The Legislature contemplated this result when it permitted municipal governments to determine between alternatives. The choice of one is a rejection of the other.
Accordingly, the motions for summary judgment of defendants Town and BFI are granted. The complaint is dismissed.